Case 6:13-cv-00657-CEM-KRS   Document 1-27   Filed 04/23/13   Page 1 of 2 PageID 2343

Case 6:13-cv-00657-JA-KRS   Document 221   Filed 04/21/14   Page 10 of 11 PageID 2336
Case 6:13-cv-00657-JA-KRS   Document 1-16   Filed 04/23/13   Page 1 of 2 PageID 226

# SUNTRUST EQUIPMENT FINANCE & LEASING CORP.

### EQUIPMENT LEASE GUARANTY

This Equipment Lease Guaranty is executed and delivered in favor of SUNTRUST EQUIPMENT FINANCE LEASING CORP., its present and future affiliates and their successors and assigns ("Lessor"), in connection with th__ certain Equipment Lease Agreement dated as of December 10, 2012, together with all Equipment Schedules execut__ or to be executed pursuant thereto and all of the other documents and agreements entered into in connection therew__ (collectively, the "Lease Documents"), by and between Lessor and BLUECHIP POWER, LLC and BLUECHIP ENERGY, L__ and ADVANCED SOLAR PHOTONICS, LLC and LASER PHOTONICS, LLC, and ICT INVESTMENTS LLC, A LIMITED LIABILI__ COMPANY and US INVESTING CORPORATION., its successors and assigns (collectively "Lessee").

WHEREAS, SUNTRUST EQUIPMENT FINANCE & LEASING CORP. ('STEFL') is unwilling to extend or contin__ credit to the Lessee unless it receives a guaranty from the Guarantor with respect to the Obligations, as defined below, the Lessee to STEFL:

NOW, THEREFORE, in consideration of the premises and of other good and valuable consideration and in or__ to induce STEFL from time to time, in its sole discretion, to extend or continue credit to, or enter into other transactio__ with the Lessee, the Guarantor, absolutely and unconditionally, guarantees to STEFL performance and payment wh__ due, whether by acceleration or otherwise, of any and all Obligations of the Lessee to STEFL, together with all inter__ and charges and expenses thereon, including but not limited to, all attorneys' fees, court costs, costs and expenses__ collection, costs of preserving, protecting or disposing of any collateral securing the Obligations or other costs incurred__ STEFL in enforcing any of such Obligations, subject to the provisions contained in this guaranty.

1. The term "Obligation" or "Obligations" as used herein shall include, without limitation, all indebtedness, obligatio__ and liabilities of the Lessee to STEFL now existing or hereafter created or arising, whether direct, indirect, absolu__ contingent, joint or several, secured or unsecured, liquidated or unliquidated, and howsoever owned, held or acquired__ STEFL, whether by assignment, discount, direct loan, overdraft, purchase or otherwise, and howsoever evidenc__ whether by promissory note, agreement, letter of credit application, interest rate hedge agreement or other derivat__ transaction agreement, bill of exchange, acceptance, check, overdraft, book entry or otherwise, and all substitutio__ renewals, extensions and modifications of the above.

The amount of the Guarantor's liability hereunder shall be unlimited.

2. This guaranty is a continuing guaranty, shall remain in full force and effect irrespective of any interruptions in t__ business relations of the Lessee with STEFL and shall apply to and guarantee any balance which shall remain due by t__ Lessee to STEFL; provided, however, that the Guarantor may, by notice in writing delivered personally to an officer__ STEFL or received by registered mail by an officer of STEFL, terminate this guaranty with respect to all Obligations of t__ Lessee incurred or contracted by the Lessee or acquired by STEFL after the date on which the notice is actually receiv__ by such officer. Such termination shall not be applicable to any Obligation incurred prior to the receipt of the notice__ STEFL.

3. STEFL may at any time and from time to time, in the exercise of its sole discretion, either before or after defa__ by the Lessee or revocation or termination of this guaranty, without the consent of or notice to the Guarantor, witho__ incurring responsibility to the Guarantor, without impairing or releasing the Obligations of the Guarantor or any collate__ or security available to STEFL, upon or without any terms or conditions and in whole or in part:

(a) Change the manner, place, or terms of payment (including payment amounts and rate of interest) and change or extend the time of payment, renew or alter any Obligation, any collateral or security for any Obligatio__ or any Obligation incurred directly or indirectly in respect thereof, and this guaranty shall apply to the Obligatio__ as so changed, extended, renewed or altered;

(b) Sell, exchange, release, surrender, realize upon or otherwise deal with in any manner and in any or__ any collateral or security at any time held by or available to STEFL for any Obligation, or for the Obligations of t__ Guarantor, or for the Obligations of any person secondarily or otherwise liable for any of the Obligations;

(c) Exercise or refrain from exercising any rights against the Lessee, the Guarantor, any other guarantors __ other parties, or otherwise act or refrain from acting;

(d) Settle, compromise and/or release any Obligation, any collateral or security for the Obligations, includi__ the Obligations of the Guarantor, or any other guarantors and also subordinate the payment of all or any part__ any Obligation to the payment of any Obligations or indebtedness, whether due or not, of the Lessee to credit__ of the Lessee other than STEFL and the Guarantor;

(e) Apply any sums received by it from any source to any Obligation or Obligations, in such order as STE__ may elect, regardless of what Obligation or Obligations remain unpaid. All payments shall be conclusive__ presumed to have been made by the Lessee and no payment shall operate to reduce the liability of the Guaran__ unless, at the time such payments are made, written notice is delivered to an officer of STEFL that such paymen__ are made by the Guarantor in reduction of his liability and such payments are actually made by the Guarantor;

(f) Fail to set off and release, in whole or in part, any balance of any deposit account or credit on its books__ favor of the Lessee, or any guarantors or of any other person liable for any of the Obligations, and may exte__ further credit in any manner to the Lessee, and generally deal with the Lessee or any security or other pers__ liable for any of the Obligations as STEFL, in its sole discretion, may see fit.

4. The Guarantor waives notice of acceptance of the guaranty and notice, including notice of default, on a__ Obligation to which it may apply, and waives presentment and demand for repayment of any of the Obligations, a__ waives protest and notice of dishonor or nonpayment of any Obligations, suit or taking other action by STEFL against, a__ any other notice to, the Guarantor or to any other party liable for such Obligations. Except for any limitation which__ specified above with respect to the amount of the maximum liability of the Guarantor, this is an unconditional guaran__ and the liability of the Guarantor to STEFL shall not be terminated or in any way limited by reason of, or as the result__ anything set forth or contained in any writing evidencing all or any part of the Obligations nor shall it be limited to__ proportionate part of the total of the Obligations. This is a guaranty of payment and not of collection and the Guaran__

GUARANTY – INDIVIDUAL (10/01)

**EXHIBIT J**

Case 6:13-cv-00657-CEM-KRS   Document 1-27   Filed 04/23/13   Page 2 of 2 PageID 2344

Case 6:13-cv-00657-JA-KRS   Document 221   Filed 04/21/14   Page 11 of 11 PageID 2337
Case 6:13-cv-00657-JA-KRS   Document 1-16   Filed 04/23/13   Page 2 of 2 PageID 227

waives any right to require that any action be brought against the Lessee or any other party or person or to require t[hat] resort be had to any collateral or security or to any balance of any deposit account or credit on the books of STEFL favor of the Lessee or any other guarantor or other person and agrees that STEFL is not responsible for the validi[ty] perfection, recordation or enforceability of any collateral or security for the Obligations.

5. The Guarantor subordinates all indebtedness of the Lessee owing to it, whether existing now or arising in t[he] future, to the Obligations. The Guarantor further agrees that the Guarantor shall not be subrogated to, and will r[ot] enforce any right of action which STEFL may have against the Lessee until every Obligation is paid in full. STEFL sh[all] have the right, immediately and without further action by it, to set off against any Obligations of the Guarantor to STEF[L] all money owed by STEFL in any capacity to the Guarantor, whether or not due. Notwithstanding any other provision [of] this guaranty, any Guarantor who is an "insider" within the meaning of the Bankruptcy Code, hereby irrevocably waiv[es] any right to assert, enforce, or otherwise exercise any right of subrogation to any of the rights, security interests, claims, liens of STEFL, its successors or assignees or any other beneficiary against the Lessee or any other obligor on t[he] Obligations or any amounts guaranteed or on any collateral or security, and such Guarantor shall have to right [of] recourse, reimbursement, contribution, indemnification, or similar right it may have (by contract or otherwise) against t[he] Lessee or any other obligor on all or any part of the Obligations or any guarantor thereof, and such Guarantor here[by] irrevocably waives any and all of the foregoing rights and also irrevocably waives the benefit of, and any right [to] participate in, any collateral or security given to STEFL or any other beneficiary to secure payment of the Obligations.

6. A subsequent guaranty by the Guarantor or any other guarantor of the Obligations shall not be deemed to be [in] lieu of or to supersede or terminate this guaranty but shall be construed as an additional or supplementary guaran[ty] unless otherwise expressly provided; and in the event the Guarantor or any other guarantor has given to STEFL [a] previous guaranty or guaranties, this guaranty shall be construed to be an additional or supplemental guaranty, and not be in lieu thereof or to terminate such previous guaranty or guaranties unless expressly provided in this guaranty.

7. This guaranty shall be binding on the Guarantor notwithstanding the failure of any further contemplated guaran[tor] or other party to execute this or similar instruments and notwithstanding the fact that the signature of one or more of a[ny] other guarantor or any other existing or future signature shall be forged or unauthorized. The revocation of any guaran[ty] in the manner permitted, by any other guarantor or other party, or the release by STEFL of any guarantor or other par[ty] or the death of any other guarantor or other party shall not affect or limit the liability of the Guarantor, and STEFL shall, under no duty to notify the Guarantor of any revocation, release or death.

8. The Guarantor warrants to STEFL that it has adequate means to obtain from the Lessee on a continuing ba[sis] information concerning the financial condition of the Lessee and it is not relying on STEFL to provide such informati[on] either now or in the future. The Guarantor waives all errors and omissions in connection with STEFL's administration [of] the Obligation, except behavior which amounts to bad faith.

9. No invalidity, irregularity or unenforceability of all or any part of the Obligations or of any collateral or security sh[all] affect, impair, or be a defense to this guaranty, and this guaranty is a primary Obligations of the Guarantor.

10. If the Guarantor is a partnership, the agreements and Obligations on the part of the Guarantor shall remain in [full] force and applicable notwithstanding any changes in the identity of the parties composing the partnership and the te[rm] "Guarantor" shall include any altered or successive partnership and the predecessor partnership and their partners sh[all] not thereby be released from any Obligations or Obligation.

11. No delay or failure on the part of STEFL in exercising any rights shall operate as a waiver of its rights; no notice or demand on the Guarantor shall be deemed to be a waiver of the Obligations of the Guarantor or of the right of STE[FL] to take further action without notice or demand as provided herein; nor shall any modification or waiver of the provisions [of] this guaranty be effective unless in writing and signed by STEFL nor shall any such waiver be applicable except in t[he] specific instance for which given.

12. The Guarantor agrees to provide to STEFL updated financial information, including, but not limited to, tax return[s,] current financial statements in form satisfactory to STEFL, as well as additional information, reports, or schedul[es] (financial or otherwise), all as STEFL may from time to time request.

13. Notwithstanding the fact that the Obligations of the Lessee to STEFL may have been paid in full and this guaran[ty] form may have been returned to the Guarantor, the Obligations of the Guarantor shall continue in full force and effect w[ith] respect to any amounts that STEFL may ever be required to repay under any Bankruptcy or Insolvency laws.

14. This guaranty shall not be construed to impose any Obligations on STEFL to extend or continue any credit at a[ny] time.

15. Each reference in this guaranty to STEFL shall include its successors and assigns, in whose favor the provisio[ns] of this guaranty shall also inure. Each reference to the Guarantor shall include heirs, executors, administrators, leg[al] representatives, successors and assigns of the Guarantor, all of whom shall be bound by the provisions of this guaranty.

16. This guaranty shall be governed by and construed in accordance with the laws of the State of Maryland.

IN WITNESS WHEREOF, Guarantor has caused this instrument to be duly executed, under seal, as of the _____ day [of] December 10, 2012.

WITNESS: _____

Signature: _____
Name: **Svetlana Nikitin**
Social Security Number: _____
Address: 3217 Yattika Place
Longwood, Fl. 32779

GUARANTY - INDIVIDUAL (10/01)