IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE AND LEASING CORP.,

        Plaintiff,

v.

BLUECHIP POWER LLC f/k/a BLUECHIP ENERGY, LLC, et al; BLUECHIP ENERGY, LLC f/k/a COMPLETE ELECTRIC CONTRACTORS, LLC; ADVANCED SOLAR PHOTONICS, LLC; LASER PHOTONICS, LLC f/k/a C3 LASER, LLC; ICT INVESTMENTS, LLC; US INVESTING CORPORATION; DEMITRI NIKITIN a/k/a DIMITRI NIKITIN a/k/a DMITRI NIKITIN; SVETLANA NIKITIN a/k/a SVETLANA NIKITINA; FIFTH THIRD BANK; AEGIS BUSINESS CREDIT, LLC; ON DECK CAPITAL, INC.; NEWLOGIC BUSINESS LOANS, INC. d/b/a APZB INDUSTRIES; JEFFERY L. CARRIER as trustee for the Jeffery L. Carrier Revocable Trust; FANUC ROBOTICS AMERICA CORPORATION f/k/a FANUC ROBOTICS AMERICA, INC.; SG EQUIPMENT FINANCE USA CORP.; SUNIVA, INC.; WANXIANG AMERICA CORP.; RINEHART DEVELOPMENT AND/ INVESTMENT GROUP, LLC; and MICHAEL E. MOECKER, as assignee for BlueChip Energy, LLC,

        Defendants.

Case No. 6:13-cv-657-JA-KRS

_____/

## Supplemental Affidavit of Jim Rollo

I, Jim Rollo, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1949213 v1

1. My name is Jim Rollo. I am over the age of 18 years and have personal knowledge of the facts set forth in this affidavit.

2. I am a Vice President, Equipment Manager, for SunTrust Equipment Finance & Leasing Corp. ("STEFL") and in that capacity, I am aware of the Equipment Lease Agreement and other related documents and agreements (the "Lease Agreement") among STEFL, as lessor, and Blue Chip Power, LLC, Blue Chip Energy, LLC, Advanced Solar Photonics, LLC, Laser Photonics, LLC, ICT Investments, LLC, and US Investing Corporation, as lessees (collectively, the "Lessees") and the guaranty agreements executed by Demitri Nikitin and Svetlana Nikitin (the "Guarantors" and together with the Lessees, the "Obligors").

3. Pursuant to the Lease Agreement, STEFL financed substantially all of the assets of the Lessees as further described in the Lease Agreement (the "Equipment").

4. On March 20, 2013, I met with the principals of the Obligors at the Lessees' premises to inspect the Equipment. At that time, I noticed some Equipment was missing.

5. On May 3, 2013, at 8:30 a.m., I met with the principals of the Obligors again at the Lessee's premises for a follow up inspection of the Equipment.

6. During this follow up inspection, I noticed that the following Equipment had been partially disassembled and gutted of their major, valuable components:

   a. Fantom G4 Laser Scribing System, Serial No. 300-0004-110, which according to the Summary Appraisal of Specified Manufacturing Equipment dated November 1, 2012, was listed as in "fair" condition and with an invoice value of $397,625.00.

   b. Fonon DSS Fibre Laser ITO Coating Removal System, Serial No. 300-0003-148, which according to the Summary Appraisal of Specified Manufacturing

        Equipment dated November 1, 2012, was listed as in "fair" condition and with an invoice value of $323,715.00.

7.    During this follow up inspection, I noticed that the roof of the premises was leaking and substantial water had penetrated to the interior of the premises and in many places covered the floor in the near vicinity of, and endangering to, the sensitive electronic machines that comprise much of the Equipment. There were no tarps or other protective barriers covering the Equipment.

8.    During this follow up inspection, I noticed that nearly all of the furniture, shelving, and racks which had been on site as of March 20, 2013, were now missing.

**I understand that a false statement in this Supplemental Affidavit will subject me to penalties for perjury. I declare under penalty of perjury that the foregoing is true and correct.**

Executed this _3_ day of May, 2013.

_/s/ Jim Rollo_
Jim Rollo