IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE AND
LEASING CORP.,

        Plaintiff,

v.

BLUECHIP POWER LLC f/k/a BLUECHIP
ENERGY, LLC, et al; BLUECHIP ENERGY,
LLC f/k/a COMPLETE ELECTRIC
CONTRACTORS, LLC; ADVANCED
SOLAR PHOTONICS, LLC; LASER
PHOTONICS, LLC f/k/a C3 LASER, LLC;
ICT INVESTMENTS, LLC; US INVESTING
CORPORATION; DEMITRI NIKITIN a/k/a
DIMITRI NIKITIN a/k/a DMITRI NIKITIN;
SVETLANA NIKITIN a/k/a SVETLANA
NIKITINA; FIFTH THIRD BANK; AEGIS
BUSINESS CREDIT, LLC; ON DECK
CAPITAL, INC.; NEWLOGIC BUSINESS
LOANS, INC. d/b/a APZB INDUSTRIES;
JEFFERY L. CARRIER as trustee for the
Jeffery L. Carrier Revocable Trust; FANUC
ROBOTICS AMERICA CORPORATION
f/k/a FANUC ROBOTICS AMERICA, INC.;
SG EQUIPMENT FINANCE USA CORP.;
SUNIVA, INC.; WANXIANG AMERICA
CORP.; RINEHART DEVELOPMENT AND/
INVESTMENT GROUP, LLC; and
MICHAEL E. MOECKER, as assignee for
BlueChip Energy, LLC,

        Defendants.

_____/

Case No. 6:13-cv-657-JA-KRS

## Supplemental Affidavit of Aryan Rochon

    I, Aryan Rochon, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1949518 v1

1. My name is Aryan Rochon. I am over the age of 18 years and have personal knowledge of the facts set forth in this affidavit.

2. I am an Account Executive for LifeSpan Technology Asset Management. I was hired by SunTrust Equipment Finance & Leasing Corp. ("STEFL") to assist STEFL with an inspection of various pieces of equipment (the "Equipment") that STEFL financed for Blue Chip Power, LLC, Blue Chip Energy, LLC, Advanced Solar Photonics, LLC, Laser Photonics, LLC, ICT Investments, LLC, and US Investing Corporation, as lessees (collectively, the "Lessees").

3. On March 20, 2013, I, along with Jim Rollo of STEFL, conducted an inspection of the Equipment at the Lessee's premises. .

4. On May 3, 2013, at 8:30 a.m., I, along with Jim Rollo of STEFL, conducted a follow up inspection of the Equipment at the Lessee's premises.

5. During this follow up inspection, I noticed that the following Equipment had been partially disassembled and essentially gutted of their major, valuable components:

   a. Fantom G4 Laser Scribing System, Serial No. 300-0004-110, which according to the Summary Appraisal of Specified Manufacturing Equipment dated November 1, 2012, was listed as in "fair" condition and with an invoice value of $397,625.00.

   b. Fonon DSS Fibre Laser ITO Coating Removal System, Serial No. 300-0003-148, which according to the Summary Appraisal of Specified Manufacturing Equipment dated November 1, 2012, was listed as in "fair" condition and with an invoice value of $323,715.00.

6. During this follow up inspection, I noticed that the roof of the premises was leaking and substantial water had penetrated to the interior of the premises and in many places

covered the floor in the near vicinity of, and endangering to, the sensitive electronic machines that comprise much of the Equipment. There were no tarps or other protective barriers covering the Equipment.

7. During this follow up inspection, I noticed that nearly all of the furniture, shelving, and racks which had been on site as of March 20, 2013, were now missing.

**I understand that a false statement in this Supplemental Affidavit will subject me to penalties for perjury. I declare under penalty of perjury that the foregoing is true and correct.**

Executed this 3 day of May, 2013.

Aryan Rochon