IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE AND            Case No.: 6:13-cv-657-Orl-28KRS
LEASING CORP.,

        Plaintiff,

v.

BLUECHIP POWER, LLC, etc., et al.,

        Defendants.
_____/

## DEFENDANT, RINEHART DEVELOPMENT AND INVESTMENT GROUP, LLC'S, MOTION FOR A MORE DEFINITE STATEMENT

    Pursuant to Rule 12(f), Fed. R. Civ. P., defendant, RINEHART DEVELOPMENT AND INVESTMENT GROUP, LLC ("Landlord"), moves the Court for an Order requiring plaintiff to make a more definite statement as to the allegations against defendant and, in support, states:

    1.    Landlord is the owner of real property, which is leased to defendant, Advanced Solar Photonics, LLC ("Tenant"), and within which Tenant allegedly maintains the equipment leased by plaintiff.

    2.    In paragraph 40 of the Complaint, plaintiff alleges that the Landlord executed and delivered a Real Property Waiver, which gives plaintiff a superior lien on the property leased by plaintiff to certain of the defendants ("Equipment"), and purports to attach the document as Exhibit K.

    3.    However, Exhibit K is a one (1) page document which incorporates a fifteen (15) page schedule of equipment and the schedule of equipment is not included in Exhibit K.

    4.    Thus, Landlord is unclear as to which equipment over which plaintiff is seeking acknowledgment of a superior interest.

5. Likewise, in Count VII of the Complaint, the sole count of the Complaint which purports to allege a cause of action against Landlord, is vague or ambiguous as to what cause of action, if any, plaintiff is asserting against Landlord.

6. Paragraph 130 states that the Landlord has "custody, possession and control of the [Equipment]," but does not indicate how the Landlord has such custody, possession and control, other than presumably because the Landlord owns the real property upon which the Equipment is maintained.

7. Additionally, paragraph 131 alleges that "[t]he property is wrongfully detained by . . . the Landlord, who came into possession of the [Equipment] on account of the Lease Financing Arrangement and on account of the Lessee Defendants' relationship with the Landlord."

8. Again, there is no indication of how the Landlord has possession of the Equipment, other than presumably simply as a fact that the Equipment is located on the real property leased to Tenant.

9. Additionally, while paragraph 131 infers that the Tenant may have come into possession of the Equipment as a result of an alleged relationship between the Tenant and the Landlord, it is wholly unclear as to how these alleged facts impose any liability on the Landlord.

10. Finally, the last paragraph of Count VII, requests a variety of forms of relief, including relief requested in other counts, which were not asserted against Landlord.

11. As phrased currently, Count VII is vague and ambiguous and the Landlord cannot reasonably prepare an appropriate response to same.

WHEREFORE, Landlord requests that the Court enter an Order requiring that plaintiff provide a more definite statement as to the allegations, if any, supporting any purported cause of action against Landlord and/or ordering such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served on the 13th day of May, 2013 via CM/ECF to all counsel of record.

SMITH HOOD BIGMAN

BY: /s/ Charles D. Hood, Jr.
CHARLES D. HOOD, JR.
Florida Bar No. 260649
TAMARA R. GAINES
Florida Bar No. 252610
Post Office Box 15200
Daytona Beach, FL 32115-5200
Telephone No. 386-254-6875
Facsimile No. 386-257-1834
Primary: dhood@daytonalaw.com
Secondary: Eservice@daytonalaw.com
ATTORNEYS FOR DEFENDANT, RINEHART DEVELOPMENT AND INVESTMENT GROUP, LLC