IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE AND                    Case No.: 6:13-cv-657-Orl-28KRS
LEASING CORP.,

        Plaintiff,

v.

BLUECHIP POWER, LLC, etc., et al.,

        Defendants.

_____/

## DEFENDANT, RINEHART DEVELOPMENT AND INVESTMENT GROUP, LLC'S, RESPONSE TO VERIFIED MOTION FOR APPOINTMENT OF RECEIVER

Defendant, RINEHART DEVELOPMENT AND INVESTMENT GROUP, LLC'S ("Landlord"), response to plaintiff's Verified Motion for Appointment of Receiver ("Motion") and states:

1.      Landlord is the owner of that certain real property leased to defendant, Advanced Solar Photonics, LLC ("Tenant"), and upon which Tenant allegedly maintains certain equipment leased from plaintiff ("Equipment").

2.      Landlord executed a Real Property Waiver, a portion of which is attached to the Complaint as Exhibit K, in which Landlord agreed to subordinate its lien on the Equipment to the lien of plaintiff.

3.      Paragraph 4 of the Real Property Waiver reads, in pertinent part, as follows:

> In the event of default by [Tenant] in the performance of any of its obligations pursuant to the Equipment Schedule or any extension or renewal of said Equipment Schedule, [plaintiff] may: ~~(a) abandon the Equipment in place~~ [strikethrough initialed by Landlord], (b) assemble the Equipment and conduct an auction of the Equipment on the premises, or (c) remove the Equipment from the

premises in accordance with the terms and conditions of
said Equipment.

4.      In the Motion, plaintiff seeks the right to come onto the Landlord's real property

for multiple purposes, including operating the Tenant's business and selling the Equipment.

5.      While Landlord agrees that, pursuant to the Real Property Waiver, plaintiff has a

superior lien on the Equipment and, upon proving Tenant's default, has the right to come onto

the Landlord's real property for the purpose of auctioning or removing the Equipment, Landlord

does not agree that plaintiff has the right to come onto the Landlord's property to run Tenant's

business and/or market and sell the Equipment.

6.      Further, Landlord is in the process of bringing an eviction action against Tenant,

as Tenant is in default of the lease with Landlord.

7.      If a receiver is appointed, Landlord would require limitations on the receiver's

rights in relation to the real property; particularly, requiring that the receiver auction or remove

the Equipment only and/or requiring that the receiver pay all amounts owed to the Landlord.

WHEREFORE, Landlord requests that the Court enter an Order setting forth the rights of

the Landlord as to the appointment of any receiver and/or granting such other and further relief

as the Court deems just and proper.

## MEMORANDUM OF LAW

A receiver has no right to property which does not belong to the party over which the

receiver is appointed. *See,* Tourist Channel, Inc. v. Namey, 568 So.2d 543 (Fla. 5th DCA 1990).

Accordingly, the plaintiff has no rights to the real property of the Landlord, other than what is

specified in the Real Property Waiver.  While the Landlord does not wish to interfere with

plaintiff's exercise of their rights to the Equipment, Landlord does not want the receiver to have

more authority in relation to Landlord's property than that which is set forth in the Real Property

Waiver.   The Landlord has and continues to suffer damages as a result of the Tenant's failure to pay rent to the Landlord and, thus, since plaintiff claims a superior interest in the Equipment, plaintiff should be required to pay the amounts owed to the Landlord and/or remove or auction the Equipment as expeditiously as possible, so that the Landlord may relet the premises.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served on the 13th day of May, 2013 via CM/ECF to all counsel of record.

SMITH HOOD BIGMAN


BY: /s/ Charles D. Hood, Jr.
      CHARLES D. HOOD, JR.
      Florida Bar No. 260649
      TAMARA R. GAINES
      Florida Bar No. 252610
      Post Office Box 15200
      Daytona Beach, FL 32115-5200
      Telephone No. 386-254-6875
      Facsimile No. 386-257-1834
      Primary: dhood@daytonalaw.com
      Secondary: Eservice@daytonalaw.com
ATTORNEYS     FOR     DEFENDANT,
RINEHART   DEVELOPMENT   AND
INVESTMENT GROUP, LLC