IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SUNTRUST EQUIPMENT FINANCE AND LEASING CORP., | Case No.: 6:13-cv-657-Orl-28KRS |
| Plaintiff, | |
| vs. | |
| BLUECHIP POWER, LLC f/k/a BLUECHIP ENERGY, LLC, et al. | |
| Defendants. | |

## ANSWER AND DEMAND FOR SURPLUS PROCEEDS

Defendant, SG EQUIPMENT FINANCE USA CORP., by and through its undersigned counsel, responds to the Plaintiff's Verified Complaint For Monetary Judgment, Petition For Appointment Of Receiver, Replevin, Foreclosure, and Injunctive Relief (the "Complaint"), as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1-21 of the Complaint, and therefore denies same.

2. Admits the allegations contained in paragraph 22 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23-71 of the Complaint, and therefore denies same.

### COUNT I

4. In response to paragraph 72 of the Complaint, repeats and incorporates its foregoing responses to the allegations contained in paragraphs 1-71 as if fully set forth herein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 73-78 of the Complaint, and therefore denies same.

## COUNT II

6. In response to paragraph 79 of the Complaint, repeats and incorporates its foregoing responses to the allegations contained in paragraphs 1-71 and 73-78 as if fully set forth herein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 80-86 of the Complaint, and therefore denies same.

## COUNT III

8. In response to paragraph 87 of the Complaint, repeats and incorporates its foregoing responses to the allegations contained in paragraphs 1-71 as if fully set forth herein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 88-94 of the Complaint, and therefore denies same.

## COUNT IV

10. In response to paragraph 95 of the Complaint, repeats and incorporates its foregoing responses to the allegations contained in paragraphs 1-71 and 87-93 as if fully set forth herein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 96-101 of the Complaint, and therefore denies same.

## COUNT V

12. In response to paragraph 102 of the Complaint, repeats and incorporates its foregoing responses to the allegations contained in paragraphs 1-71 and 87-93 as if fully set forth herein.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 103-108 of the Complaint, and therefore denies same.

## COUNT VI

14. In response to paragraph 109 of the Complaint, repeats and incorporates its foregoing responses to the allegations contained in paragraphs 1-71 and 87-93 as if fully set forth herein.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 110-120 of the Complaint, and therefore denies same.

16. In response to paragraph 121 of the Complaint, admits that it may have some interest in the Collateral. To the extent that the remaining allegations contained in paragraph 121 of the Complaint state legal conclusions, no response is required. To the extent that a response is required, SG Equipment Finance USA Corp. denies such remaining allegations and respectfully refers all questions of law to the Court.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 122-124 of the Complaint, and therefore denies same.

## COUNT VII

18. In response to paragraph 125 of the Complaint, repeats and incorporates its foregoing responses to the allegations contained in paragraphs 1-71 and 87-93 as if fully set forth herein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 126-137 of the Complaint, and therefore denies same.

## **DEMAND FOR SURPLUS PROCEEDS**

In the event the relief requested in the Complaint is granted, SG Equipment Finance USA Corp. demands that it be paid any surplus proceeds which may exist after satisfaction of liens preceding its own and that SG Equipment Finance USA Corp. receive prior notice of any sale of the Leased Property and Collateral.

**WHEREFORE** having fully answered the Plaintiff's Complaint, SG Equipment Finance USA Corp. consents to reference, requests notice of any sale of the Leased Property and Collateral, requests notice of surplus funds, prays that the Court inquire into the facts and circumstances alleged in the pleadings as well as all documents on the public records and award SG Equipment Finance USA Corp. its proper priority, costs, reasonable attorneys' fees and for such other and further relief as this Court deems just and proper.

Dated: May 17, 2013

/s/ Ryan E. Davis

RYAN E. DAVIS, Esquire
Florida Bar No.  0179851
rdavis@whww.com
**Winderweedle, Haines, Ward & Woodman, P.A.**
390 N. Orange Avenue
PO Box 1391
Orlando, FL  32802-1391
(407) 423-4246
Attorneys for SG Equipment Finance USA Corp.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of May, 2013, a true and correct copy of the foregoing has been served via:

**CM/ECF to:**

Eric Scott Golden, Burr & Forman, LLP, Suite 800, 200 S Orange Ave., Orlando, FL 32801
Michael A. Nardella, Burr & Forman, LLP, Suite 800, 200 S Orange Ave., Orlando, FL 32801
Bernard H. Gentry, Jr., Broad and Cassel, Suite 1400, 390 N Orange Ave., Orlando, FL 32801
Todd K. Norman, Broad and Cassel, Suite 1400, 390 N Orange Ave., Orlando, FL 32801
Charles David Hood, Jr., Smith Hood Bigman, Post Office Box 15200, 444 Seabreeze Boulevard, Ste 900, Daytona Beach, FL 32115-5200
Tamara R. Gaines, Smith Hood Bigman, Post Office Box 15200, 444 Seabreeze Boulevard, Ste 900, Daytona Beach, FL 32115-5200

/s/ Ryan E. Davis

RYAN E. DAVIS, Esquire