UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE
AND LEASING CORP.,

      Plaintiff,

v.                                    CASE NO.  6:13-cv-657-JA-KRS

BLUECHIP POWER LLC f/k/a BLUECHIP
ENERGY, LLC; BLUECHIP ENERGY, LLC
f/k/a COMPLETE ELECTRIC CONTRACTORS,
LLC; ADVANCED SOLAR PHOTONICS, LLC;
LASER PHOTONICS, LLC f/k/a C3 LASER, LLC;
ICT INVESTMENTS, LLC; US INVESTING
CORPORATION; DEMITRI NIKITIN a/k/a DIMITRI
NIKITIN a/k/a DMITRI NIKITIN; SVETLANA
NIKITIN a/k/a SVETLANA NIKITINA; FIFTH
THIRD BANK; AEGIS BUSINESS CREDIT, LLC;
ON DECK CAPITAL, INC.; NEWLOGIC BUSINESS
LOANS, INC. d/b/a APZB INDUSTRIES;
JEFFERY L. CARRIER as trustee the Jeffery L.
Carrier Revocable Trust; FANUC ROBOTICS AMERICA
CORPORATION f/k/a FANUC ROBOTICS AMERICA,
INC.; SG EQUIPMENT FINANCE USA CORP.;
SUNIVA, INC; WANXIANG AMERICA CORP.;
RINEHART DEVELOPMENT AND INVESTMENT
GROUP, LLC; and MICHAEL E. MOECKER, as
assignee for BlueChip Energy, LLC,

      Defendants.

_____/

## CASE MANAGEMENT REPORT

    The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | July 24, 2013 |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | Completed |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | August 24, 2013 |
| Disclosure of Expert Reports                                    Plaintiff:<br>                                                                    Defendant:<br>[Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | January 15, 2014<br>January 31, 2014 |
| Discovery Deadline             -<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | February 28, 2014 |
| Dispositive Motions, *Daubert,* and *Markman* Motions [Court requires 5 months or more before trial term begins] | April 1, 2014 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement] | July 5, 2014 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Trial] | July 15, 2014 |
| All Other Motions Including Motions *In Limine*, Trial Briefs | July 15, 2014 |
| Trial Term Begins<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | September 1, 2014 |
| Estimated Length of Trial [trial days] | 3 days |
| Jury / Non-Jury | Non-Jury |

| Mediation | Deadline:<br>Mediator:<br>Address:<br><br><br>Telephone: | April 30, 2014<br>David Henry<br>100 S. Orange<br>Ave., Suite 200<br>Orlando, FL 32801<br>(407) 210-2796 |
|---|---|---|
| [Absent arbitration, mediation is mandatory; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline. If the parties do not select a mediator in the CMR, the Court will appoint one from its List of Certified Mediators.] | | |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____ No_x_<br><br>Likely to Agree in Future _____ | |

## I.   Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.

Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on June 20, 2013

at 10:00 a.m. at 111 N. Magnolia Ave.,  Orlando, FL 32801 and was attended by:

| Name | Counsel for |
|---|---|
| Eric S. Golden | Plaintiff |
| Bernard Gentry | Fifth Third Bank |
| William Wieland | Wanxiang America Corp. |
| Tamara Gaines | Rinehart Development, LLC |
| Anthony McClure[2] | Jeffrey L. Carrier, as Trustee for the Jeffrey L. Carrier Trust |

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

[2] Mr. McClure appeared telephonically as permitted by this Court's Order dated June 20, 2013 (Doc. No. 87).   In addition to the June 20, 2013 meeting, Mr. McClure met telephonically with Mr. Golden on June 24, 2013 at 9:15 a.m.  Counsel for SG Equipment Finance USA Corp. ("SG") did not attend as it was preparing to file a UCC Termination Statement to disavow any interest in the property which is the subject of this action.  On July 1, 2013, SG filed its UCC Termination Statement No. 201309350963, and Plaintiff and SG will file a joint motion to dismiss SG without prejudice.

II.     **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged __x__ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

_____ on __x__ by _____ (check one)   <u>July 24, 2013</u>.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

Loan documents
Collateral descriptions
Financing statements

III.    **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

__x__ No party anticipates the disclosure or discovery of ESI in this case;

_____ One or more of the parties anticipate the disclosure or discovery of ESI in this case. If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[3]

A. The form or forms in which ESI should be produced.

---

[3] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

4

B.  Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.  Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.  The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.  The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.  Any issues relating to preservation of discoverable ESI.

G.  Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H.  Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

If there are disputed issues specified above, or elsewhere in this report, then (check one):

_____ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

_____ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

## IV.   Agreed Discovery Plan for Plaintiffs and Defendants

### A.   Certificate of Interested Persons and Corporate Disclosure Statement —

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___x___ Yes

_____No   Amended Certificate will be filed by _____ (party) on or

before _____(date).


**B.     Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

N/A


**C.     Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.     Depositions

N/A

2.      Interrogatories

3.      Document Requests

4.      Requests to Admit

5.      Supplementation of Discovery

**D.      Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

N/A

**E.      Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

N/A

### F.    Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

To the extent the parties determine there is a need for a confidentiality agreement, the parties will negotiate the terms and will enter into such an agreement consistent with the requirements of Local Rule 4.15.

### G.    Other Matters Regarding Discovery —

N/A

V.    **Settlement and Alternative Dispute Resolution.**

A.    **Settlement —**

The parties agree that settlement is

_____ likely __x__ unlikely          (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes    __x__ no _____likely to request in future

B.    **Arbitration —**

The Local Rules nō longer designate cases for automatic arbitration, but the parties

may elect arbitration in any case. Do the parties agree to arbitrate?

_____ yes    __x__ no _____likely to agree in future

_____ Binding _____ Non-Binding

C.    **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will

participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.

The parties have agreed on a mediator from the Court's approved list of mediators as set forth in

the table above, and have agreed to the date stated in the table above as the last date for

mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site

at http://www.flmd.uscourts.gov.

D.    **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

N/A

Dated: July 5, 2013

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.


/s/ Eric S. Golden
Eric S. Golden, Esq.
Florida Bar No. 0146846
Primary E-mail: egolden@burr.com
Secondary E-mail: jmorgan@burr.com
Michael A. Nardella, Esq.
Florida Bar No. 51265
Primary E-mail: mnardella@burr.com
BURR & FORMAN, LLP
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
**ATTORNEYS FOR PLAINTIFF**

/s/ Bernard H. Gentry
Roy S. Kobert, Esq.
Florida Bar No. 777153
E-mail: rkobert@broadandcassel.com
Bernard H. Gentry, Esq.
Florida Bar No. 57649
E-mail: bgentry@broadandcassell.com
Todd K. Norman, Esq.
Florida Bar No. 62154
E-mail: tnorman@broadandcassel.com
BROAD AND CASSEL
390 N. Orange Ave., Suite 1400
Orlando, FL 32801
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
**ATTORNEYS FOR DEFENDANT, FIFTH THIRD BANK**


/s/ William J. Wieland
William J. Wieland, Esq.
Florida Bar No. 439237
E-mail: wjwieland@stenstrom.com
Secondary E-mail:
service.wjwieland@stenstrom.com
STENSTROM, MCINTOSH, COLBERT & WHIGHAM, P.A.
1001 Heathrow Park Lane
Lake Mary, FL 32746
Telephone: (407) 322-2171
Facsimile: (407) 330-2379
**ATTORNEYS FOR WANXIANG AMERICA CORP.**

/s/ Anthony R. McClure
Javier A. Pacheco, Esq.
Florida Bar No. 51368
E-mail: jpacheco@porterwright.com
Anthony R. McClure, Esq.
Florida Bar No. 102753
E-mail: armcclure@porterwright.com
PORTER WRIGHT MORRIS & ARTHUR LLP
9132 Strada Place, Third Floor
Naples, FL 34108
Telephone: (239) 593-2965
Facsimile: (239) 593-2990
**ATTORNEYS FOR DEFENDANT, JEFFREY L. CARRIER AS TRUSTEE FOR THE JEFFREY L. CARRIER REVOCABLE TRUST DATED FEBRUARY 6, 2001 AS AMENDED**

/s/ Tamara R. Gaines
Charles D. Hood, Jr., Esq.
Florida Bar No. 260649
Email:  dhood@daytonalaw.com
Secondary E-mail: Eservice@daytonalaw.com
Tamara R. Gaines, Esq.
Florida Bar No. 252610
Email:  tgaines@daytonalaw.com
SMITH HOOD BIGMAN
Post Office Box 15200
Daytona Beach, FL 32115-5200
Telephone: (386) 254-6875
Facsimile: (386) 257-1834
**ATTORNEYS FOR DEFENDANT,
RINEHART DEVELOPMENT AND
INVESTMENT GROUP, LLC**