**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SUNTRUST EQUIPMENT FINANCE AND**
**LEASING CORP.,**

           **Plaintiff,**

**-vs-**                                **Case No.  6:13-cv-657-Orl-28KRS**

**BLUECHIP POWER, LLC,  BLUECHIP**
**ENERGY, LLC, et. al.,**

           **Defendants.**

## Order
**(And Direction to the Clerk of Court)**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT WANXIANG AMERICA CORPORATION'S OPPOSED AMENDED/RENEWED MOTION TO VACATE CLERK'S ENTRY OF DEFAULT (Doc. No. 82)**
>
> **FILED:**    **June 18, 2013**

    On April 23, 2013, Plaintiff SunTrust Equipment Finance and Leasing Corp. ("SunTrust") filed a complaint against Wanxiang America Corporation ("Wanxiang") and other defendants. Doc. No. 1.  Wanxiang's registered agent, Linda Smith, was served with the complaint on May 1, 2013.  Doc. No. 29.  When Wanxiang did not answer the complaint within twenty-one days of

service, SunTrust moved for entry of a Clerk's Default pursuant to Fed. R. Civ. P. 55(a).  Doc. No. 60.  The Clerk of Court entered a default against Wanxiang on May 24, 2013.  Doc. No. 64.

On June 2, 2013, Wanxiang filed its initial motion to vacate the Clerk's default entered against it pursuant to Fed. R. Civ. 55(c).  Doc. No. 72.  That motion was denied for failure to comply with the Local Rules of the Middle District of Florida.  Doc. No. 79.  Wanxiang filed its amended motion to vacate the Clerk's default on June 18, 2013.  Doc. No. 82.  While the motion indicates that it is opposed, the time for responding to the motion has passed, and SunTrust had not filed an opposition as of the writing of this order. Therefore, I will construe the motion as unopposed.

Wanxiang asserts that its failure to answer the complaint was inadvertent. COO/CFO Gary Wetzel avers that Wanxiang's registered agent forwarded the complaint to a law firm that does not represent Wanxiang in this matter.  Doc. No. 82-1 ¶ 6.  When the complaint was ultimately emailed to Wetzel, he did not understand the significance of it due to the large volume of email that he receives each day.  *Id.* ¶ 7.  Upon learning of the default, Wanxiang immediately retained counsel who drafted a motion to vacate the Clerk's default.  Doc. No.72-1 ¶ 8; Doc. No. 82 ¶ 10.

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Fed. R. Civ. P. 60(b) allows the court to set aside a final judgment for "excusable neglect," among other reasons.  "The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default.  The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is

utilized in setting aside an entry of default." *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

"'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance.'" *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)(quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)).

> In determining whether to set aside a clerk's entry of default for good cause, courts consider factors such as: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest was implicated; (5) whether there was significant financial loss to the defaulting party; and (6) whether the defaulting party acted promptly to correct the default.

*2P Comm. Agency S.R.O. v. SRT USA, Inc.*, No. 2:11-cv-652-FtM-29SPC, 2012 WL 589668, at *1 (M.D. Fla. Feb. 22, 2012).

Wetzel's sworn statements are sufficient to show that Wanxiang's failure to respond to the complaint was inadvertent and not willful. SunTrust will not be prejudiced by setting aside the default because the case is in its early stages, and the discovery period began recently. *See* Doc. No. 6 (indicating discovery does not begin until the case management conference has been held); Doc. No. 90 at 3 (indicating the case management conference was held in late June 2013). Wanxiang submits that it has a meritorious defense. Doc. No. 82 ¶ 15. "[T]here is a strong policy of determining cases on their merits and therefore courts view defaults with disfavor." *Idearc Media LLC v. Kravitz Law Group, P.A.*, No. 8:09-cv-2078-T-17AEP, 2010 WL 2179122, at *3 (M.D. Fla. May 7, 2010), *report and recommendation adopted*, 2010 WL 2179109 (M.D. Fla. June 1, 2010). While SunTrust asserts that it suffered a significant financial loss, Doc. No. 1 ¶ 50,

it did not timely file a response in opposition to the present motion. Wanxiang promptly moved to vacate the default. After consideration of all of these factors, and in the absence of objection, the Court finds that Wanxiang has established good cause to set aside the Clerk's entry of default.

Therefore, Wanxiang's Motion to Vacate the Clerk's Default (Doc. No. 82) is **GRANTED**. The **Clerk of Court** is **DIRECTED** to vacate the default entered against Wanxiang America Corporation (Doc. No. 64). Wanxiang is **ORDERED** to answer or otherwise respond to the complaint on or before July 18, 2013.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE