UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
<u>ORLANDO DIVISION</u>

SunTrust Equipment Financing and Leasing Corp.,

        Plaintiff,                              CASE NO.: 6:13-cv-00657-JA-KRS

vs.

Bluechip Power, LLC, et al
        Defendants.
_____/

## MOTION FOR LEAVE TO FILE A FIVE-PAGE REPLY

Non-party, Shuffield, Lowman & Wilson, P.A. ("Shuffield"), by and through the undersigned attorneys respectfully submits this motion for leave to file a five-page reply in support of its' Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Motion"). A reply will assist the Court in its consideration of the issues raised in the ("Motion") and Michael M. Moecker's, the Receiver's Objection to Shuffield, Lowman & Wilson's Motion to Quash Subpoena (the "Opposition") for three reasons.

First, there has been additional correspondence between counsel for the Receiver and Shuffield Lowman & Wilson ("Shuffield") in which counsel for the receiver conceded that the subpoena is overbroad. Specifically, counsel for the receiver proposed that Shuffield give him "(a) a list of file names/sub names; and (b) billing history for the client(s) over the last 18 months" and that in exchange he would "agree to postpone any further discovery fight while the Receiver seeks to determine the extent of your firm's work and whether there are

additional documents we need to review."[1] As a result of that concession, the reply will explain why issues raised by the Motion can be limited to whether the Receiver should pay for the cost of searching for, reviewing and producing any "additional documents."

Second, a reply will highlight the distinctions between the cases cited by the Receiver and the instant matter. In addition to other distinguishing factors, the reply with explain that six of the seven cases cited by the Receiver in support of his argument on undue burden arose in the context of discovery disputes between the parties to an action and did not involve a non-party subpoena.[2] The reply will also explain how the one case cited by the Receiver which arose in the context of a non-party subpoena supports Shuffield's Motion since the court in that case ordered the requesting party "to advance the sum of $4,289.69 to [the subpoenaed party], as constituting the reasonable cost of producing the requested information." *See Cantaline v. Raymark Industries, Inc. et al.*, 103 F.R.D. 447, 453 (S.D. Fla. 1984).

Finally, the reply will explain why the receiver's argument regarding the attorney client privilege misses the mark. That the receiver waived any privilege on behalf of certain defendants in this matter is irrelevant. Shuffield is nevertheless required to conduct a privilege review of all potentially responsive documents prior to providing them to the receiver to ensure that attorney client communications *with its other clients* are not included

---

[1] *See* Declaration of Clay Roesch in Support of Motion for Leave to File Reply at Ex A. That proposed solution is unacceptable as it provides the Receiver with the materials he wants yet does not address the issue of the expense of complying with the subpoena in the event the Receiver determines there are additional documents he wants to review.

[2] *See Perez v. Miami Dade County*, 297 F.3d 1255 (11th Cir. 2002); *In re Brand Name Prescription Drugs Antitrust Litigation*, 1995 WL 360526 (U.S. N.D. IL. 1997) (mistakenly cited as 1997 WL 360526 in the Opposition); *Daewoo Electronics Co. v. United States*, 650 F. Supp. 1003, 1006 (Ct. Int'l Trade 1996); *Delozier v. First Nat. Bank of Gatlinburg*, 109 F.R.D. 161 (E.D. Tenn. 1986); *Zubulake v. UBS Warburg, LLC*, 217 F.R.D. 309 (S.D.N.Y 2003); *McPeek v. Ashcroft*, 202 F.R.D. 31, 34 (D.D.C. 2001).

in the production. For example, Shuffield has other clients with the word "Energy" in their name. Thus, any electronic search using the word "Energy" will inevitably return communications between Shuffield and its other clients. As a result, whether the Receiver waived his privilege is of no moment; Shuffield must conduct a privilege review before producing documents responsive to the Subpoena.

WHEREFORE, Shuffield respectfully requests that the Court enter an order granting it leave to file a five-page reply in support of the Motion.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that I conferred with counsel for the Receiver in a good faith effort to resolve the issues raised by this motion but the parties were unable to reach a resolution.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically with the Clerk of the Court using CM/ECF on July 25, 2013. As such, the foregoing was served upon all counsel of record on July 25, 2013.

/s/ Robert Clayton Roesch
Robert Clayton Roesch
Florida Bar No. 0013931
**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
P.O. Box 1010
Orlando, FL 32802-1010
Telephone: (407) 581-9800
Facsimile: (407) 581-9801
*Attorney for Shuffield Lowman & Wilson, P.A.*
The Primary email address for electronic service of all pleadings in this case under Rule 2.516 is:
listservice@shuffieldlowman.com