# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| SUNTRUST EQUIPMENT FINANCE AND LEASING CORP., | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 6:13-cv-657-JA-KRS |
| vs. | ) ) | |
| BLUECHIP POWER, LLC; BLUECHIP ENERGY, LLC; ADVANCED SOLAR PHOTONICS, LLC; LASER PHOTONICS, LLC; ICT INVESTMENTS, LLC; US INVESTING CORPORATION; DEMITRI NIKITIN; SVETLANA NIKITIN; FIFTH THIRD BANK; AEGIS BUSINESS CREDIT, LLC; ON DECK CAPITAL, INC.; NEWLOGIC BUSINESS LOANS, INC.; JEFFERY L. CARRIER, AS TRUSTEE FOR THE JEFFERY L. CARRIER REVOCABLE TRUST; FANUC ROBOTICS AMERICA CORPORATION; SG EQUIPMENT FINANCE USA CORP., SUNIVA INC.; WANXIANG AMERICA CORP.; RINEHART DEVELOPMENT AND INVESTMENT GROUP, LLC; MICHAEL E. MOECKER, AS RECEIVER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| WANXIANG AMERICA CORPORATION, | ) ) | |
| Counter, Cross and Third Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| BLUECHIP POWER, LLC f/k/a BLUECHIP ENERGY, LLC; ADVANCED SOLAR PHOTONICS, LLC; SORRENTO SOLAR FARM, LLC; DEMITRI NITIKIN; SUNTRUST EQUIPMENT FINANCING AND LEASING CORP.; APZB INDUSTRIES; ICT INVESTMENTS, LLC; FIFTH THIRD BANK; JEFFERY L. CARRIER, in his capacity as the TRUSTEE OF THE JEFFERY L. CARRIER TRUST; and AEGIS BUSINESS CREDIT, LLC; | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Counter, Cross and Third Party Defendants. | ) | |

2306586 v4

### SUNTRUST EQUIPMENT FINANCING AND LEASING CORP.'S MOTION TO DISBURSE PROCEEDS OF ACCOUNTS RECEIVABLE

Plaintiff, SUNTRUST EQUIPMENT FINANCE AND LEASING CORP. ("Plaintiff" or "SunTrust"), by and through its undersigned counsel, and pursuant to this Court's Order Appointing Receiver and Granting Preliminary Injunctive Relief (Doc. No. 56) (the "Order"), files this Motion to Disburse Proceeds of Accounts Receivable, and states as follows:

1. On May 22, 2013, this Court entered the Order.

2. In the Order, the Court found that Plaintiff was owed in excess of $5 million which amount "is secured by a properly perfected, first priority security interest and lien in favor of Plaintiff upon substantially all" of the assets of the Lessee Defendants (as that term is defined in the Order) including "the Lessee Defendants' accounts, inventory, equipment, software, patents, and proceeds and products thereof . . ." (as more fully defined in the Order, the "Leased Property and Collateral"). Order at ¶ C.

3. Pursuant to the terms of the Order, Michael E. Moecker of Moecker & Associates, Inc., was appointed receiver for the Lessee Defendants (the "Receiver") to take possession, and control of the Leased Property and Collateral and all other possible property and assets of the Lessee Defendants (collectively, the "Receivership Estate") "to use, operate, manage, control, preserve, protect, maintain, market, and/or sell or liquidate." Order at ¶ 3, ¶ 4(a), ¶ 4(b).

4. Pursuant to the terms of the Order, the Receiver was granted the authority to "[c]ollect the accounts receivable that comprise part of the Receivership Estate . . . ." Order at ¶ 4(s).

5. Since his appointment, the Receiver has notified Plaintiff that he has collected $431,756.49 in gross revenues from accounts receivable, subject to certain payables which have not been specifically accounted for yet by the Receiver (the "A/R Proceeds").

6.  The Order provides that on account of Plaintiff's recognized first priority security interest in the Leased Property and Collateral evidenced by, among other things, the properly filed UCC-1 Financing Statements (copies of which are attached to the Verified Complaint as Composite Exhibit H), the Receiver is directed to remit proceeds to Plaintiff on or before the 15th of each month, unless a party objects, at which point the Receiver must wait for further order of this Court.  Order at ¶ 4(i); ¶ 14.

7.  Pursuant to ¶ 14 of the Order, no party has filed any objection to the disbursement of the A/R Proceeds.

8.  The Order provides that the Receiver shall be compensated from the net revenues of the Receivership Estate, but that if the revenues are not sufficient, the Receiver may be paid by an advance from Plaintiff.  Order at ¶ 11.  The Order also provides for a carve-out for the Receiver of $50,000.00, if necessary, to come from the proceeds of the sale of Plaintiff's collateral (the "Carve-Out").  Order at ¶ 5.  Plaintiff has already advanced $20,000.00 applied to the Carve-Out[1] and intends to set aside an additional $30,000.00 from the proceeds of the auction of tangible personal property from the Receivership Estate.  Order at ¶ 5.  No funds from the A/R Proceeds are necessary to fund the Carve-Out.

9.  Defendants Rinehart Development and Investment Group, LLC (the "Landlord"), Wanxiang America Corp. ("Wanxiang"), and Jeffrey L. Carrier as trustee for The Jeffrey L. Carrier Revocable Trust (the "Carrier Trust") have no claim or interest to the A/R Proceeds, and counsel for the Carrier Trust and Wanxiang have consented to the relief requested in this Motion.

10.  Defendant Fifth Third Bank ("Fifth Third") has a security interest in the A/R Proceeds, but that interest is subordinated to the interest of Plaintiff pursuant to that certain

---

[1] Pursuant to the Order, Plaintiff is entitled to priority repayment of all amounts advanced as a first priority lien on all other unencumbered assets of the Receivership Estate.  Order at ¶ 5.

Subordination and Intercreditor Agreement effective as of December 14, 2012, between Plaintiff and Fifth Third (the "Intercreditor Agreement").  A copy of the Intercreditor Agreement is attached hereto as **Exhibit 1**.

11. Disbursement will not leave the Receivership Estate without funds, as the Receiver recently sold certain real property for an amount in excess of the lien obligations thereon.

12. The Receiver agrees that it is appropriate to disburse the A/R Proceeds as requested by this Motion and is prepared to do so in accordance with this Court's order, provided that the Receiver will produce an accounting of the funds and the Receiver reserves the right to request only a limited distribution of the A/R Proceeds depending on the outcome of the accounting.  The Receiver also has stipulated that he has reviewed Plaintiff's loan documents and agreed that Plaintiff's lien is valid on all Leased Property and Collateral, but that the Receiver takes no position as to lien priorities.

## MEMORANDUM OF LAW

This Court should authorize the Receiver to disburse the A/R Proceeds.  In the Order, this Court found that the Lessee Defendants' obligations to Plaintiff are "secured by a properly perfected, first priority security interest and lien in favor of Plaintiff upon substantially all of the Lessee Defendants' assets" including the Leased Property and Collateral.  Section 679.1011, *et seq.,* of the Florida Statutes incorporates and adopts Article 9 of the Uniform Commercial Code (the "UCC") and Article 9 of the UCC applies "to a transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract." *Id.*; *ACF 2006 Corp. v. Merritt*, 2013 WL 466603, *3 (W.D. Okla. Feb. 7, 2013) (authorizing disbursement of liquidation proceeds by a receiver to a secured creditor over the objection of an intervenor when the secured creditor had a valid, first priority security interest evidenced by a UCC-1 Financing

Statement). *See also Am. State Bank v. Van De Nieuwegiessen*, 2009 WL 3152927 (W.D. Okla. Sept. 24, 2009) (directing disbursement of liquidation proceeds by receiver to secured creditor over objection).

Plaintiff properly filed UCC-1 Financing Statements perfecting its interest in the Lesee Defendants' accounts receivable. There is no basis under Article 9 or under any other Florida law to prohibit the A/R Proceeds from being disbursed. The Carrier Trust and Wanxiang have consented to the relief requested herein, and no other party has indicated or identified any superior interest in the A/R Proceeds. Therefore, the Receiver should be directed to disburse the A/R Proceeds to the Plaintiff as set forth herein.

WHEREFORE, Plaintiff, SunTrust Equipment Finance and Leasing Corporation, respectfully requests that this Court grant this motion and that it enter an Order authorizing the Receiver to disburse the A/R Proceeds to the Plaintiff, and that it grant such other and further relief as is just and appropriate.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), M.D. Fla., I conferred in a good faith effort to resolve the issues raised in this motion (i) with counsel for Wanxiang and counsel for Wanxiang has consented to the relief sought by this motion; (ii) with counsel for Fifth Third Bank with whom no resolution could be reached; (iii) with counsel for the Landlord with whom no resolution could be reached; (iv) with counsel for the Carrier Trust who has consented to the relief sought by this motion; and (v) with counsel for the Receiver who has agreed to the relief sought by this motion as more particularly stated in Paragraph 12 above.

Respectfully Submitted,

*/s/ Michael A. Nardella*
Eric S. Golden, Esq.
Florida Bar No. 0146846
Primary Email: egolden@burr.com
Secondary Email: jmorgan@burr.com
Michael A. Nardella, Esq.
Florida Bar No. 51265

Primary Email: mnardella@burr.com
**BURR & FORMAN, LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 7th day of October, 2013. As such, the foregoing was served electronically upon all counsel of record on October 7, 2013.

The following Defendants were served with a copy of the foregoing via firsts class U.S. Mail, postage prepaid, on this 7th day of October, 2013:

BlueChipPower, LLC f/k/a BlueChip Energy, LLC
c/o ICT Investments LLC, Registered Agent
400 Rinehart Road, #1060
Lake Mary, FL 32746

Advanced Solar Photonics, LLC
c/o ICT Investments LLC, Registered Agent
400 Rinehart Road, #1060
Lake Mary, FL 32746

Newlogic Business Loans, Inc., d/b/a APZB Industries
c/o CT Corporation Systems, Registered Agent
155 Federal Street
Boston, MA 02110

ICT Investments, LLC
c/o CT Corporation Systems, Registered Agent
1201 Hays Street
Tallahassee, FL  32301

Demitri Nikitin
3217 Yattika Place
Longwood, FL  32779

Aegis Business Credit, LLC
c/o Robert K. Beard, Registered Agent
5510 W. LaSalle Street
Third Floor
Tampa, FL  33606