UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE AND LEASING
CORP.,

                              Plaintiff,

-vs-                                                                 Case No.  6:13-cv-657-Orl-28KRS

BLUECHIP POWER, LLC,  BLUECHIP ENERGY,
LLC, et al.,

                              Defendants.
_____

REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motions filed

herein:

| MOTION: | SUNTRUST EQUIPMENT FINANCING AND LEASING CORP.'S MOTION TO DISBURSE AUCTION PROCEEDS (Doc. No. 142) |
|---|---|
| FILED: | September 3, 2013 |

| MOTION: | STIPULATED MOTION FOR RELIEF FROM THE RECEIVERSHIP INJUNCTION (Doc. No. 147) |
|---|---|
| FILED: | September 18, 2013 |

I.     **BACKGROUND.**

On April 23, 2013, Suntrust Equipment Finance and Leasing Corp. ("Suntrust") filed its verified complaint against Defendants, alleging claims for receivership (Count I), injunction (Count II), breach of contract (Count III), breach of guaranty (Counts IV and V), foreclosure of security interest (Count VI), and replevin, detinue, and judgment of possession (Count VII).  Doc. No. 1. The case involves the alleged breach of an equipment finance lease made between Suntrust as the lender and Defendants BlueChip Energy, LLC; BlueChip Power, LLC; Advanced Solar Photonics, LLC; Laser Photonics, LLC; ICT Investments, LLC; and US Investing Corp. (together "Lessee Defendants"), with an alleged guarantee by Defendants Demitri Nikitin and Svetlana Nikitina (together "Guarantors").  *Id*.  Simultaneous with the filing of the complaint, Suntrust filed a motion for appointment of a receiver and for preliminary injunction.  Doc. Nos. 2, 3.  On May 22, 2013, the Court granted both the motion for appointment of a receiver and for a preliminary injunction and issued a detailed order to that effect (the "Receivership Order").  Doc. No. 56.

II.    **ANALYSIS.**

A.     *Contents of the Receivership Order.*

In the Receivership Order, the Court found that as of April 23, 2013, Suntrust was owed an outstanding debt of $5 million.  The debt was secured by "a properly perfected, first priority security interest and lien in favor of" Suntrust "upon substantially all of the Lessee Defendants' assets. . . ." *Id*. at 3.  The Receivership Order appointed Michael E. Moecker as receiver (the "Receiver") for the case.  *Id.* at 6.  It also granted the Receiver all powers, rights, privileges, and prerogatives necessary to protect, safeguard, and manage the Receivership Estate.  *Id*. at 7.  The "Receivership Estate" is defined as essentially all of the Lessee Defendants' assets.  Doc. No. 56 at 3, 6-7.

-2-

Additionally, the Receivership Order granted the Receiver the power to remit sale and liquidation proceeds of the Receivership Estate to Suntrust. *Id*. at 9, 19-20. The order authorized the Receiver "[o]n or before the 15th day of each month . . . [to] pay to Plaintiff all receipts . . . remaining, if any . . . , to be applied to the Indebtedness of the Lessee Defendants to Plaintiff in Plaintiff's discretion." Doc. No. 56 ¶ 14. However, the Receivership Order also contained a provision that if creditors or other parties asserted a claim or interest in the monies or income to be paid, the Receiver must withhold disbursement until the dispute is resolved by written consent of the parties or by order of the Court. *Id*. The Receivership Order requires the Receiver to file an initial status report with the Court detailing the Receiver's management and disposition of the Receivership Estate and thereafter to file quarterly reports and to provide Suntrust and Defendant Fifth Third Bank ("Fifth Third") with weekly reports. *Id*. at 20.

The Receivership Order enjoined and stayed the Lessee Defendants and the Guarantors from disposing of, concealing, or taking any actions with respect to the Leased Property or Collateral. *Id*. at 16-17. It also enjoined and stayed creditors and third parties "from taking any action seeking to recover money damages or other relief against the Lessee Defendants or the Receivership Estate . . . " or from conveying the Receivership Estate in any way. *Id*. at 17-18.

   B.   *Suntrust's Motion to Disburse Auction Proceeds (Doc. No. 142).*

The Receiver filed his first status report on July 12, 2013. Doc. No. 96. In the report, the Receiver indicated that he had taken a complete inventory and that an auction would be held on July 16, 2013. *Id*. at 6. On July 12, 2013, Fifth Third sent an objection letter to the Receiver regarding the sale, in accordance with the Receivership Order.[1] Doc. No. 98. In the letter, Fifth Third

---

[1] The Notice of Objection was filed with the Court on July 16, 2013. Doc. No. 98.

indicated that it did not object to the sale itself but that the proceeds of the sale should be held in escrow pending agreement with Suntrust or an order of the Court due to concerns over who owned the collateral to be sold. *Id*.

Suntrust now asks the Court to enter an order authorizing the Receiver to disburse the proceeds of the auction. Doc. No. 142. According to the motion, the Receiver has liquidated substantially all of the Receivership Estate, with the proceeds from the sale totaling $680,121.72. Doc. No. 142 ¶¶ 6-8; Doc. No. 142-1. Suntrust asks that $30,000.00 of the proceeds be retained by the Receiver to pay potential Receiver's fees, $6,550.00 be retained by the Receiver to pay unpaid taxes to the Seminole County Tax Collector ("Tax Collector"), and the remaining balance be disbursed to Suntrust. Doc. No. 142 at 11.

Fifth Third does not object to Suntrust's disbursement motion. Doc. No. 142 at 11-12. No other party or potential creditor filed an objection to the auction or has made a claim to the auction proceeds, as required by the Receivership Order. No opposition has been filed to Suntrust's motion, and the time for doing so has passed. The Receiver consents to the motion but takes no position as to lien priorities. Doc. No. 142 at 5, 12.

Suntrust concedes that the Tax Collector is entitled to a lien with priority over Suntrust's lien under Florida law to the extent that valid tax bills were issued to the correct taxpayers and to the extent the amount are based on the just value of the property sold by the Receiver at auction. Doc. No. 142 at 9-10; *see also* Fla. Stat. § 197.122. On September 26, 2013, Suntrust and the Tax Collector settled the tax lien dispute. Under the settlement, Seminole County will receive $50,000.00 of the auction proceeds to settle, and in satisfaction of, unpaid tangible personal property taxes for 2012 and 2013 of the Lessee Defendants. Doc. No. 156 at 2-3. Though the Tax Collector

did not respond to Suntrust's motion, the Tax Collector now consents to the motion with the caveat that the Tax Collector receive $50,000.00 of the auction proceeds as agreed to in the settlement. *Id*. at 7.

The other pending Defendants have not responded to the motion.

Accordingly, under the circumstances as described above, Suntrust's Motion to Disburse Auction Proceeds (Doc. No. 142) is due to be granted.

   *C. Stipulated Motion for Relief from Receivership Injunction (Doc. No. 147).*

On November 28, 2012, Bank Sinopac ("Sinopac") filed a lawsuit in the United States District Court, Middle District of Florida, Case No. 6:12-cv-01797-Orl-28DAB, seeking to collect no less than $892,100.30 that Sinopac alleges BlueChip Energy, LLC owes it for accounts receivable that had been assigned to Sinopac  ("Sinopac Case").  As previously noted, the Receivership Order in the underlying case, which was initiated by Suntrust through its verified complaint on April 23, 2013, stayed all third parties from "taking any action seeking to recover money damages or other relief against the Lessee Defendants or the Receivership Estate . . . ." Doc. No. 56 at 17.  Thus, the Sinopac Case is currently stayed.  Sinopac Case, Doc. Nos. 42, 45.

In order "to preserve their rights and avoid any questions that might arise from the timing of the pleadings" in the two cases, Suntrust, Sinopac, and the Receiver filed a stipulated motion, on September 18, 2013, asking this Court to grant relief from the injunction in the Receivership Order to the extent necessary to litigate the Sinopac Case to entry of judgment and granting the Lessee Defendants and Guarantors relief from the injunction to the extent necessary to defend themselves in the Sinopac case.  Doc. No. 147.  The proposed order does not allow the Lessee Defendants or Guarantors to utilize any assets under the Receiver's control.  It also clarifies that Sinopac may only

seek collection upon a judgment by amending its claim with the Receiver and that any judgment lien rights Sinopac earns will be inferior to the lien of Suntrust. *Id.*

No opposition to the stipulated motion has been filed and the time for doing so has passed. Accordingly, the Motion for Relief from the Receivership Injunction (Doc. No. 147) is also due to be granted.

**III.   RECOMMENDATION.**

For the reasons above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Suntrust's Motion to Disburse Auction Proceeds (Doc. No. 142) and authorize disbursement of funds consistent with the Motion and Suntrust's Settlement Agreement with the Tax Collector (Doc. No. 156).  Additionally, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Stipulated Motion for Relief from the Receivership Injunction (Doc. No. 147).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 16, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

-6-