**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SUNTRUST EQUIPMENT FINANCE AND LEASING CORP.,**

        **Plaintiff,**

**-vs-**     Case No. 6:13-cv-657-Orl-28KRS

**BLUECHIP POWER, LLC, BLUECHIP ENERGY, LLC, et al.,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTIONS: CROSS-PLAINTIFF WANXIANG AMERICA CORPORATION'S MOTIONS FOR DEFAULT JUDGMENT AS TO VARIOUS COUNTERCLAIM, CROSSCLAIM AND THIRD-PARTY DEFENDANTS (Doc. No. 165, 166, 167, 168, 169, 170, 171)**
>
> **FILED:** November 1, 2013
> _____
>
> **THEREON** it is **ORDERED** that the motions are **DENIED** without prejudice.

Defendant Wanxiang America Corporation ("Wanxiang") filed counterclaims, crossclaims and a third-party complaint against Demitri Nikitin, Bluechip Power, LLC ("Bluechip"), Advanced Solar Photonics, LLC ("Advanced"), ICT Investments, LLC ("ICT") , Fifth Third Bank, Newlogic Business

Loans, Inc. d/b/a APZB Industries ("APZB")[1] and Aegis Business Credit, LLC ("Aegis"), among others, under the Court's diversity jurisdiction. Doc. No. 99 at 32-41. On September 25, 2013, Wanxiang filed an amended counterclaim, crossclaim and third-party complaint (the "Wanxiang Pleading"). Doc. No. 152.

In the above-referenced motions, Wanxiang asks the Court to enter default judgments on some of its claims against Nitikin (Doc. No. 165), Bluechip (Doc. No. 166), Advanced (Doc. No. 167), ICT (Doc. No. 168), Fifth Third Bank (Doc. No. 169), APZB (Doc. No. 170), and Aegis (Doc. No. 171). The motions are insufficient in a number of respects.

First, defaults have not been entered against any of these Defendants in favor of Wanxiang. A motion for a default judgment is premature if filed before the Clerk of Court enters a default against a defendant.

Second, a court may enter a default judgment only if the factual allegations of the Wanxiang Pleading, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Wanxiang has not stated in any of its motions the elements of the claims on which it seeks default judgments, and it has not established how the well-pleaded facts in the Wanxiang Pleading establish each of those elements.

---

[1] In the counterclaim, crossclaim and third-party complaint, Wanxiang refers to this Defendant only as APZB Industries. In the Verified Complaint filed by Plaintiff Suntrust Equipment Finance and Leasing Corp. ("Suntrust"), Suntrust identified APZB Industries as NewLogic Business Loans, Inc. d/b/a APZB Industries. Doc. No. 1 ¶ 19.

If Wanxiang establishes that any Defendant against which it seeks a default judgment may be liable, it must submit evidence to establish the amount of damages to be awarded.

Finally, to the extent that Wanxiang seeks entry of default judgment against some, but not all, Defendants named in a given count, it must address why entering a default judgment against only some of the Defendants will not run the risk of inconsistent judgments. *See Frow v. De La Vega,* 82 U.S. 552 (1872).

**DONE** and **ORDERED** in Orlando, Florida on November 6, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE