# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| SUNTRUST EQUIPMENT FINANCE AND LEASING CORP., ) ) ) Plaintiff, ) ) vs. ) ) BLUECHIP POWER, LLC; BLUECHIP ) ENERGY, LLC; ADVANCED SOLAR ) PHOTONICS, LLC; LASER PHOTONICS, LLC; ) ICT INVESTMENTS, LLC; US INVESTING ) CORPORATION; DEMITRI NIKITIN; ) SVETLANA NIKITIN; FIFTH THIRD BANK; ) AEGIS BUSINESS CREDIT, LLC; ON DECK ) CAPITAL, INC.; NEWLOGIC BUSINESS ) LOANS, INC.; JEFFERY L. CARRIER, AS ) TRUSTEE FOR THE JEFFERY L. CARRIER ) REVOCABLE TRUST; FANUC ROBOTICS ) AMERICA CORPORATION; SG EQUIPMENT ) FINANCE USA CORP., SUNIVA INC.; ) WANXIANG AMERICA CORP.; RINEHART ) DEVELOPMENT AND INVESTMENT GROUP, ) LLC; MICHAEL E. MOECKER, AS RECEIVER, ) ) Defendants. ) | CASE NO. 6:13-cv-657-JA-KRS |

WANXIANG AMERICA CORPORATION,             )
                                           )
       Counter, Cross and Third Party Plaintiff,  )
                                           )
vs.                                        )
                                           )
BLUECHIP POWER, LLC f/k/a BLUECHIP         )
ENERGY, LLC; ADVANCED SOLAR                )
PHOTONICS, LLC; SORRENTO SOLAR             )
FARM, LLC; DEMITRI NITIKIN;                )
SUNTRUST EQUIPMENT FINANCING               )
AND LEASING CORP.; APZB INDUSTRIES;        )
ICT INVESTMENTS, LLC; FIFTH THIRD          )
BANK; JEFFERY L. CARRIER, in his capacity  )
as the TRUSTEE OF THE JEFFERY L. CARRIER   )
TRUST; and AEGIS BUSINESS CREDIT, LLC;     )
                                           )
       Counter, Cross and Third Party Defendants.  )

20112513 v2

**SUNTRUST EQUIPMENT FINANCING AND LEASING CORP.'S
RESPONSE TO WANXIANG AMERICA CORPORATION'S
MOTION FOR SUMMARY JUDGMENT AS TO COUNT IV OF ITS
COUNTER, CROSS AND THIRD PARTY COMPLAINT**

Plaintiff/Counter-Defendant, SUNTRUST EQUIPMENT FINANCE AND LEASING CORP. ("SunTrust"), by and through its undersigned counsel, responds to Defendant/Counter, cross and Third Party Plaintiff, Wanxiang America Corporation's ("Wanxiang") Motion for Summary Judgment as to Count IV and Count V of its Counter, Cross and Third Party Complaint (Doc. No. 172)(the "Motion"), as follows:

### Count IV

SunTrust's collateral consisted of, among other things, all personal property of BlueChip Power, LLC ("BC Power") including certain solar panels located on the roof of BC Power's premises. At an auction held on July 26, 2013 (the "Auction"), all solar panels were sold with the exception of the panels identified on UCC-1 Financing Statement attached to the Motion as Exhibit 2, to the extent those panels were on the premises at all (the "Wanxiang Panels").

SunTrust maintains that it has a security interest in Wanxiang Panels, but will not, at this time, contest Wanxiang's assertion of senior priority. At a minimum, however, SunTrust requests that this Court order that any excess proceeds of any foreclosure sale of the Wanxiang Panels be distributed to SunTrust.

### Count V

Although SunTrust is not a named defendant to Count V, SunTrust has concerns regarding the requested relief. Count V seeks foreclosure of a certain Titan 48 machine (the "Titan 48") which was indisputably subject to a senior security interest of SunTrust, hence the reason Wanxiang did not name SunTrust as a defendant. The problem is that the Titan 48 was sold at the Auction free and clear of liens, and pursuant to this Court's Order (Doc. No. 175) and

Report and Recommendation (Doc. No. 162), the proceeds of that sale, including the sale of the Titan 48, are due to be paid to SunTrust and the Seminole County Tax Collector, as further outlined therein.  SunTrust objects to entry of a final judgment which in any way interferes with the disbursement of the proceeds of the sale of the Titan 48.[1]

Although not directly relevant to SunTrust, title to the Titan 48 has passed to a buyer at the Auction free and clear of all liens, including those of Wanxiang, and there simply is no Titan 48 remaining in the possession of any party to this action.  SunTrust questions the legitimacy of any judgment foreclosing upon property in the hands of a non-party which would be in direct violation with this Court's orders approving the Auction and sales free and clear of liens.

## Memorandum of Law

Section 679.615, *Florida Statutes*, provides for payment of excess proceeds upon the disposition of collateral to the holders of subordinate security interests.  Accordingly, as the next senior claimant, SunTrust is entitled to any excess proceeds of the foreclosure on Count IV above the amounts still owing on the debt to Wanxiang up to the remaining amount of SunTrust's debt.

Section 679.617, *Florida Statutes*, provides that the disposition of collateral is made free and clear of liens of notified secured parties.  Furthermore, this Court's Order Appointing Receiver (Doc. No. 56) expressly authorized the sale of all property free and clear of liens, and this Court's Order (Doc. No. 175) and Report and Recommendation (Doc. No. 162) already determined the disbursement schedule of the proceeds of the Titan 48.  Accordingly, the Titan 48 was sold at the Auction free and clear of liens and cannot be the subject of a foreclosure action for a pre-existing lien like that of Wanxiang.

---

[1] SunTrust further states that the security interest of Wanxiang in the Titan 48 is currently unperfected as Wanxiang filed its UCC-1 in the wrong jurisdiction.

WHEREFORE, Plaintiff, SunTrust Equipment Finance and Leasing Corporation, respectfully requests that this Court preserve SunTrust's right to excess proceeds from the foreclosure of solar panels, deny entry of final judgment as to foreclosure of the Titan 48, and grant such other and further relief as is just and proper.

Respectfully Submitted,

*/s/ Michael A. Nardella*
Eric S. Golden, Esq.
Florida Bar No. 0146846
Primary Email: egolden@burr.com
Secondary Email: jmorgan@burr.com
Michael A. Nardella, Esq.
Florida Bar No. 51265
Primary Email: mnardella@burr.com
**BURR & FORMAN, LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 15th day of November, 2013. As such, the foregoing was served electronically upon all counsel of record on November 15, 2013.

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.