UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SUNTRUST EQUIPMENT FINANCE AND LEASING CORP., <br>     Plaintiff, <br> vs. <br><br> BLUECHIP POWER, LLC, *et. al.* <br>     Defendants. | 6:13-cv-657-Orl-28KRS |

**DEFENDANT WANXIANG AMERICA CORPORATION'S MOTION
TO BE EXCUSED FROM PARTICIPATION IN MEDIATION ON MARCH 27, 2014**

    Defendant, Wanxiang America Corporation ("Wanxiang,") by and through its attorneys, respectfully moves to be excused from the meditation of this matter set for March 27, 2014.  In support, Wanxiang states as follows:

    1.    Pursuant to the Court's Case Management and Scheduling Order, entered on August 15, 2013, Plaintiff filed a Notice of Mediation on September 12, 2013.  Dkt. 136, 144.  The Notice of Mediation provides that a mediation of this matter will be conducted on March 27, 2014. Dkt. 144.   While mediation can be an invaluable tool in resolving disputes, as will be explained below, due to subsequent events, mediation of the instant litigation is unlikely to be of much utility to  the claims raised  by and against Wanxiang.

    2.    Wanxiang's First Amended Counter, Cross and Third Party Complaint (the "Counter-Complaint") seeks relief on a promissory note, related guarantees and also to foreclose Wanxiang's security interest in certain collateral, specifically solar panels (the "Wanxiang Panels") and a Titan laser cutter, given in connection with the same transaction.  Dkt. 152.

    3.    The obligor under the promissory note and the guarantors have been found to be in default for failure to appear or answer the Counter-Complaint. Dkt. 188-190.   Furthermore,

one of the guarantors has since filed bankruptcy. Dkt. 198. As such, the only counts for which there are outstanding issues are those involving Wanxiang's collateral.

4. The Titan laser cutter that is the subject of Count V of the Counter-Complaint was sold at the auction held by the Receiver earlier in the litigation. Therefore, Count V is now moot, and consequently Wanxiang has abandoned that claim.

5. As explained in greater detail in Wanxiang's pending motion for summary judgment and motion for leave to file a reply in support of the same, there is no dispute as to Wanxiang's paramount security interest in the Wanxiang Panels. Dkt. 172. In response, Plaintiff SunTrust Equipment Finance and Leasing ("SunTrust") has conceded that its lien against the Wanxiang Panels is inferior to Wanxiang's interest and does not object to Wanxiang conducting a sale of the Wanxiang Panels so long as Wanxiang accounts for the proceeds of that sale. Dkt. 181.

6. Likewise, SunTrust's claims against Wanxiang solely seek relief regarding the collateral pledged by the same borrower to SunTrust. Dkt. 001. The only collateral to which Wanxiang has or had an interest are the aforementioned Wanxiang Panels and Titan cutter. Dkt. 152. Because there are no longer any disputes between SunTrust and Wanxiang regarding this collateral, there is no need for a mediation as to these two parties.

7. Defendant Rinehart Development and Investment Group, LLC ("Rinehart,") the owner of the real property on which the Wanxiang Panels are currently located, has not responded to Wanxiang's motion for summary judgment. Indeed, repeated invitations to explain what interest, if any, Rinehart could possibly have as to the Wanxiang Panels have been ignored. Therefore, while it appears that Rinehart is currently utilizing the Wanxiang Panels to its own benefit, it has no reason to do so legitimately. Consequently, while Wanxiang still seeks relief as

to Rinehart, specifically the return of the Wanxiang Panels so they can be sold pursuant to the applicable provisions of the UCC, there is no real dispute that could be mediated.

8. As a result, Wanxiang seeks to be excused from participation in the mediation. In the alternative, because both Wanxiang and its lead counsel are located in Illinois, and would incur significant expense in traveling to the mediation, Wanxiang asks for permission to participate in the mediation telephonically

9. In accordance with Local Rule 3.01(g), counsel to Wanxiang has reached out to all counsel of record to determine whether either objected to the relief sought herein. Counsel to SunTrust and Bank Sinopac have responded that they have no objection; no other party has responded.

**WHEREFORE**, Defendant Wanxiang America Corporation prays for the entry of an order excusing Wanxiang from participating in the mediation set for March 27, 2014, or alternatively allowing Wanxiang to participate telephonically, and providing such other and further relief as this Court deems just and equitable.

| | |
|---|---|
| Dated: March 10, 2014 | Respectfully submitted,<br>Wanxiang America Corporation |
| William J. Wieland<br>Florida Bar No. 0439237<br>Stenstrom, McIntosh, Colbert & Whigham, P.A.<br>1001 Heathrow Park Lane, Suite 4001<br>Lake Mary, FL   32746<br>(407) 322-2171/(407)330-2379(fax)<br>E-mail: wjwieland@stenstrom.com<br>Service e-mail: service.wjwieland@stenstrom.com<br>Attorneys for Wanxiang America Corporation | _/s/ Daniel Lynch (filed electronically)__<br>By:  One of Their Attorneys |

Daniel Lynch
Amy J. Hansen
Admitted Pro Hac Vice
Lynch & Stern LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 346-1600/(312) 896-5833 (fax)
dan@lynchandstern.com
ahansen@lynchandstern.com
Attorneys for Wanxiang America Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on March 10, 2014.  As such, the foregoing was served electronically upon all counsel of record on March 10, 2014.

> _/s/ Daniel Lynch (filed electronically)__
> Daniel Lynch