# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| SUNTRUST EQUIPMENT FINANCE AND LEASING CORP., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>BLUECHIP POWER, LLC; BLUECHIP ENERGY, LLC; ADVANCED SOLAR PHOTONICS, LLC; LASER PHOTONICS, LLC; ICT INVESTMENTS, LLC; US INVESTING CORPORATION; DEMITRI NIKITIN; SVETLANA NIKITIN; FIFTH THIRD BANK; AEGIS BUSINESS CREDIT, LLC; ON DECK CAPITAL, INC.; NEWLOGIC BUSINESS LOANS, INC.; JEFFERY L. CARRIER, AS TRUSTEE FOR THE JEFFERY L. CARRIER REVOCABLE TRUST; FANUC ROBOTICS AMERICA CORPORATION; SG EQUIPMENT FINANCE USA CORP., SUNIVA INC.; WANXIANG AMERICA CORP.; RINEHART DEVELOPMENT AND INVESTMENT GROUP, LLC; MICHAEL E. MOECKER, AS RECEIVER, )<br>)<br>Defendants. ) | CASE NO. 6:13-cv-657-JA-KRS |

---

WANXIANG AMERICA CORPORATION,         )
                                      )
    Counter, Cross and Third Party Plaintiff,   )
                                      )
vs.                                   )
                                      )
BLUECHIP POWER, LLC f/k/a BLUECHIP    )
ENERGY, LLC; ADVANCED SOLAR           )
PHOTONICS, LLC; SORRENTO SOLAR        )
FARM, LLC; DEMITRI NITIKIN;           )
SUNTRUST EQUIPMENT FINANCING          )
AND LEASING CORP.; APZB INDUSTRIES;   )
ICT INVESTMENTS, LLC; FIFTH THIRD     )
BANK; JEFFERY L. CARRIER, in his capacity )
as the TRUSTEE OF THE JEFFERY L. CARRIER )
TRUST; and AEGIS BUSINESS CREDIT, LLC; )
                                      )
    Counter, Cross and Third Party Defendants. )

20478209 v1

## SUNTRUST'S MOTION TO BE EXCUSED FROM MEDIATION

Plaintiff, SunTrust Equipment Finance and Leasing Corp. ("Plaintiff" or "SunTrust"), by and through its undersigned counsel, and pursuant to Local Rule 9.05(c), M.D. of Fla., moves this Court (this "Motion") for the entry of an order excusing the attendance of SunTrust at the mediation currently scheduled for March 27, 2014.  In support of this Motion, SunTrust respectfully states as follows:

1. In SunTrust's Verified Complaint (the "Complaint") (Dkt. No. 1), Counts I, II, VI, and VII are *in rem* and relate to the preservation and foreclosure of SunTrust's collateral.  Counts III, IV, and V are *in personam* and relate to a request for damages from the SunTrust's borrowers and guarantors.

2. As to the *in personam* Counts, all parties against whom SunTrust is seeking monetary damages have been defaulted (Dkt. Nos. 113, 114, 115, 116, 124, 125, 126, and 127). Furthermore, two of those Defendants, Dmitri and Svetlana Nikitin, have filed for personal bankruptcy.  Therefore, as to the *in personam* Counts III, IV, and V, there are no disputes to mediate and no parties who would be attending with which SunTrust could negotiate.

3. As to the *in rem* Counts, Michael E. Moecker, in his capacity as Receiver (the "Receiver"), has collected and liquidated all known property free and clear of liens pursuant to this Court's Order Appointing Receiver and Granting Preliminary Injunctive Relief dated May 22, 2013 (Doc. No. 56) (the "Receiver Order").  The Receiver has disbursed the proceeds of the auctions pursuant to this Court's Order dated November 6, 2013 (Dkt. No. 175) and this Court's Order dated September 30, 2013 (Dkt. No. 158).  Therefore, there is no property in the possession of any Defendants which is still subject to the *in rem* actions.

4. In addition, three of the Defendants to the *in rem* Counts have been defaulted (Dkt. Nos. 61, 62, and 63). Five other Defendants to the *in rem* Counts have been dismissed (Dkt. Nos. 97, 108, and 199).

5. None of the remaining Defendants to the *in rem* Counts objected to the requested disbursements which have already been made, nor is there any pending dispute. As all property has been collected and liquidated by the Receiver, there will be no need for a foreclosure judgment or a judgment for possession of any collateral. As soon as an amended final report is submitted by the Receiver and made final, SunTrust will seek dismissal of the *in rem* Counts.

6. As to Defendant Wanxiang America Corp. ("Wanxiang"), SunTrust has no active disputes regarding the shared collateral which Wanxiang seeks to foreclose in its cross-claim. Wanxiang has confirmed the lack of any dispute in its *Motion to Be Excused from Participation in Mediation* filed March 10, 2014 (Dkt. No. 210).

7. As to the Receiver, he is not a party to the action and has stated he will not be attending mediation. If there are any pending disputes left in this case and related to SunTrust, it would be between SunTrust and the Receiver (inasmuch as he has not submitted his final report), and as the Receiver is not a party, mediation will not be a benefit to any such dispute, assuming any occurs.

8. The only remaining active dispute in this case is the dispute between Defendant Wanxiang and Defendant Rinehart Development and Investment Group, LLC ("Rinehart"), in the cross-claim filed by Wanxiang regarding certain solar panels in which SunTrust has an admittedly inferior interest.

9. Otherwise, the remaining issues of this case as to SunTrust are administrative, and do not involve litigation with the party Defendants.

**MEMORANDUM OF LAW**

Pursuant to Local Rule 9.05(c), M.D. of Fla., a party is not required to participate in mediation if excused in writing by the presiding judge.  All of the counts brought by SunTrust are against defaulted parties or have been effectively disposed of through the Receiver's actions.  If there is any dispute remaining for SunTrust, it will be with the Receiver pending submission of an amended final report.  However, until that amended final report is submitted, SunTrust has no dispute even with the Receiver.  Regardless, the Receiver is not required to participate in mediation and has stated he will not participate.  As SunTrust has no active disputes with any of the remaining Defendants, mediation for SunTrust serves no purpose.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), M.D. Fla., I conferred in a good faith effort to resolve the issues raised in this motion (i) with counsel for Wanxiang who consented to the relief sought by this motion; (ii) with counsel for Fifth Third Bank who consented to the relief sought by this motion; (iii) with counsel for Rinehart who has not returned calls or emails but with whom SunTrust has no pending disputes; and (iv) with counsel for the Receiver who consented to the relief sought by this motion. No other party's consent is required or relevant to this motion.

WHEREFORE, Plaintiff, SunTrust Equipment Finance and Leasing Corp., respectfully requests that the Court enter an order excusing SunTrust and its counsel from attending and participating in the mediation scheduled to occur in this matter on March 27, 2014, and excusing SunTrust from bearing any costs or expenses associated with said mediation.

Respectfully Submitted,

*/s/ Michael A. Nardella*
Eric S. Golden, Esq.
Florida Bar No. 0146846
Primary Email:  egolden@burr.com
Secondary Email:  jmorgan@burr.com
Michael A. Nardella, Esq.
Florida Bar No. 51265
Primary Email:  mnardella@burr.com

                        **BURR & FORMAN, LLP**
                        200 S. Orange Avenue, Suite 800
                        Orlando, FL 32801
                        Telephone: (407) 540-6600
                        Facsimile: (407) 540-6601

                        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 12th day of March, 2014. As such, the foregoing was served electronically upon all counsel of record on March 12, 2014.

                        */s/ Michael A. Nardella*
                        Michael A. Nardella