# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| SUNTRUST EQUIPMENT FINANCE AND LEASING CORP., <br><br> Plaintiff, <br><br> vs. <br><br> BLUECHIP POWER, LLC; BLUECHIP ENERGY, LLC; ADVANCED SOLAR PHOTONICS, LLC; LASER PHOTONICS, LLC; ICT INVESTMENTS, LLC; US INVESTING CORPORATION; DEMITRI NIKITIN; SVETLANA NIKITIN; FIFTH THIRD BANK; AEGIS BUSINESS CREDIT, LLC; ON DECK CAPITAL, INC.; NEWLOGIC BUSINESS LOANS, INC.; JEFFERY L. CARRIER, AS TRUSTEE FOR THE JEFFERY L. CARRIER REVOCABLE TRUST; FANUC ROBOTICS AMERICA CORPORATION; SG EQUIPMENT FINANCE USA CORP., SUNIVA INC.; WANXIANG AMERICA CORP.; RINEHART DEVELOPMENT AND INVESTMENT GROUP, LLC; MICHAEL E. MOECKER, AS RECEIVER, <br><br> Defendants. | CASE NO. 6:13-cv-657-JA-KRS |
| WANXIANG AMERICA CORPORATION, <br><br> Counter, Cross and Third Party Plaintiff, <br><br> vs. <br><br> BLUECHIP POWER, LLC f/k/a BLUECHIP ENERGY, LLC; ADVANCED SOLAR PHOTONICS, LLC; SORRENTO SOLAR FARM, LLC; DEMITRI NITIKIN; SUNTRUST EQUIPMENT FINANCING AND LEASING CORP.; APZB INDUSTRIES; ICT INVESTMENTS, LLC; FIFTH THIRD BANK; JEFFERY L. CARRIER, in his capacity as the TRUSTEE OF THE JEFFERY L. CARRIER TRUST; and AEGIS BUSINESS CREDIT, LLC; <br><br> Counter, Cross and Third Party Defendants. | |

20690943 v3

## MOTION FOR RELIEF UNDER RULE 5.2 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Federal Rules of Civil Procedure Rule 5.2, Plaintiff, SunTrust Equipment Finance and Leasing Corp. ("Plaintiff" or "SunTrust"), by and through its undersigned counsel, hereby requests that this Court authorize such relief as is appropriate to enable the redaction of certain confidential information from certain exhibits attached to the Verified Complaint (Doc. No. 1) (the "Complaint") filed in the above captioned action, and in support thereof, states as follows:

1. On April 23, 2013, Plaintiff filed the Complaint in this case.

2. By oversight, Exhibits G, I, and J to the Complaint (the "Exhibits") contain private information which must be redacted under Rule 5.2(a) of the Federal Rules of Civil Procedure.

3. Exhibits G, I, and J, properly redacted, are attached hereto as **Composite Exhibit A.**

## MEMORANDUM OF LAW

Rule 5.2(a) of the Federal Rules of Civil Procedure requires that certain information be redacted from pleadings and exhibits. Plaintiff inadvertently failed to redact certain information from the Exhibits, which Exhibits refer only to Defendants Demitri Nikitin, Svetlana Nikitin, ICT Investments, LLC and Bluechip Power, LLC (the "Affected Defendants").

Pursuant to Rule 5.2(e)(2) of the Federal Rules of Civil Produce, the Court may by order in a case limit or prohibit access to a document filed with the Court. As the information in the Exhibits must be redacted under the Rule, Plaintiff requests that this Court enter an Order permanently prohibiting public access to the Exhibits. Plaintiff will subsequently file a

supplement to the Complaint to include the Exhibits, properly redacted, to supplement the record and the Complaint.

WHEREFORE, Plaintiff, SunTrust Equipment Finance and Leasing Corp., respectfully requests that this Court enter an order (i) directing the Clerk of Court to restrict public access to Exhibits G, I, and J to the Complaint; and (ii) providing for such other and further relief as this Court deems just and proper.

## CERTIFICATE AS TO GOOD FAITH CONFERENCE

I HEREBY CERTIFY that Exhibits G, I, and J of the Complaint only relate to the Affected Defendants, Demitri Nikitin, Svetlana Nikitin, ICT Investments, and Bluechip Power, LLC, that said Affected Defendants are not represented by counsel and Defaults by the Clerk have been entered against the Affected Defendants, and that therefore pursuant to Local Rule 3.01(g), M.D. Fla., a good faith conference with the Affected Defendants is not possible.

Dated this 21st day of April, 2014.

Respectfully Submitted,

*/s/ Michael A. Nardella*
Eric S. Golden, Esq.
Florida Bar No. 0146846
Primary Email: egolden@burr.com
Secondary Email: jmorgan@burr.com
Michael A. Nardella, Esq.
Florida Bar No. 51265
Primary Email: mnardella@burr.com
**BURR & FORMAN, LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 21st day of April, 2014. As such, the foregoing was served electronically upon all counsel of record on April 21, 2014.

/s/ *Michael A. Nardella*
Michael Nardella, Esq.

# COMPOSITE EXHIBIT A

# SUNTRUST EQUIPMENT FINANCE & LEASING CORP.

## PAY PROCEEDS LETTER / DISBURSEMENT AUTHORIZATION

Date: December 10, 2012

SunTrust Equipment Finance & Leasing Corp.
300 E. Joppa Road, 7th Floor
Towson, MD 21286

To Whom It May Concern:

In connection with the certain Equipment Schedule No. 001 between SUNTRUST EQUIPMENT FINANCE & LEASING CORP. ("Lessor") and BLUECHIP POWER, LLC and BLUECHIP ENERGY, LLC and ADVANCED SOLAR PHOTONICS, LLC and LASER PHOTONICS, LLC, and ICT INVESTMENTS LLC, A LIMITED LIABILITY COMPANY and US INVESTING CORPORATION ("Lessee"), pursuant to that certain Equipment Lease Agreement dated as of December ___, 2012, between Lessor and Lessee (the "Lease"), Lessee hereby authorizes and directs Lessor to pay for the equipment, covered under the above referenced Schedule, VIA WIRE TRANSFER as follows:

**Destination Information:**

| | |
|---|---|
| Bank Name | Fifth Third Bank |
| Bank ABA Number | Redacted |
| Account Number | Redacted |
| Account Name | Commercial Loan Wires |
| Attention | ICT Investments Redacted |
| Dollar Value | $4,083,381.75 |
| Reference | Commercial Banking – Elizabeth Zmudka |
| | |
| Bank Name | M&T Bank |
| Bank ABA Number | Redacted |
| Account Number | Redacted |
| Account Name | Komax Solar, Inc. |
| Attention | |
| Dollar Value | $318,000.00 |
| Reference | Bluechip Paydown |
| | |
| Bank Name | Fairwinds Credit Union |
| Bank ABA Number | Redacted |
| Account Number | Redacted |
| Account Name | Bluechip Power, Inc. |
| Attention | |
| Dollar Value | $598,618.25 |
| Reference | Remainder of SunTrust funds from Sch. 001 |

**Total Disbursement: $5,000,000.00**

Lessee acknowledges delivery, acceptance and good working order of all the Equipment. Lessee warrants that payment to the persons of the amounts described above constitutes full and final payment to all persons necessary so that the Equipment is fully paid for and shall be owned by Lessor free of all liens and encumbrances.

---

BLUECHIP POWER, LLC
Lessee
   By: ICT Investments, LLC

By: _/s/ illegible_ (SEAL)
Name: Svetlana Nikitina
Title: Manager

BLUECHIP ENERGY, LLC
Lessee
   By: ICT Investments, LLC

By: _/s/ illegible_ (SEAL)
Name: Svetlana Nikitina
Title: Manager

ADVANCED SOLAR PHOTONICS, LLC
Lessee
   By: ICT Investments, LLC

By: _/s/ illegible_ (SEAL)
Name: Svetlana Nikitina
Title: Manager

LASER PHOTONICS, LLC
Lessee
   By: DSJT Holdings, LLC

By: _/s/ illegible_ (SEAL)
Name: Svetlana Nikitina
Title: Manager

** SIGNATURES FOUND ON NEXT PAGE **

PAY PROCEEDS / DISBURSEMENT (11/99)
Internal Revenue Code 1031-
ADDED 1/09

**EXHIBIT G**

# SunTrust Equipment Finance & Leasing Corp.

## PAY PROCEEDS LETTER / DISBURSEMENT AUTHORIZATION

Date: December 10, 2012

ICT INVESTMENTS LLC, A LIMITED LIABILITY COMPANY
Lessee
By: _____(SEAL)
Name:  Svetlana Nikitina
Title:  Manager

US INVESTING CORPORATION
Lessee
By: _____(SEAL)
Name: THOMAS GREGORY
Title: CHIEF INVESTMENT OFFICER

**(Lessee to complete)** Equipment Delivery Date: _____

2

# SUNTRUST EQUIPMENT FINANCE & LEASING CORP.

**EQUIPMENT LEASE GUARANT**

This Equipment Lease Guaranty is executed and delivered in favor of SUNTRUST EQUIPMENT FINANCE LEASING CORP., its present and future affiliates and their successors and assigns ("Lessor"), in connection with t[ certain Equipment Lease Agreement dated as of December 1○, 2012, together with all Equipment Schedules execut or to be executed pursuant thereto and all of the other documents and agreements entered into in connection therew. (collectively, the "Lease Documents"), by and between Lessor BLUECHIP POWER, LLC and BLUECHIP ENERGY, LLC a ADVANCED SOLAR PHOTONICS, LLC and LASER PHOTONICS, LLC, and ICT INVESTMENTS, LLC, A LIMITED LIABILI COMPANY and US INVESTING CORPORATION, its successors and assigns (collectively "Lessee").

WHEREAS, SUNTRUST EQUIPMENT FINANCE & LEASING CORP. ('STEFL') is unwilling to extend or contin credit to the Lessee unless it receives a guaranty from the Guarantor with respect to the Obligations, as defined below, the Lessee to STEFL:

NOW, THEREFORE, in consideration of the premises and of other good and valuable consideration and in or to induce STEFL from time to time, in its sole discretion, to extend or continue credit to, or enter into other transactio with the Lessee, the Guarantor, absolutely and unconditionally, guarantees to STEFL performance and payment wh due, whether by acceleration or otherwise, of any and all Obligations of the Lessee to STEFL, together with all inter and charges and expenses thereon, including but not limited to, all attorneys' fees, court costs, costs and expenses collection, costs of preserving, protecting or disposing of any collateral securing the Obligations or other costs incurred STEFL in enforcing any of such Obligations, subject to the provisions contained in this guaranty.

1.  The term "Obligation" or "Obligations" as used herein shall include, without limitation, all indebtedness, obligatio and liabilities of the Lessee to STEFL now existing or hereafter created or arising, whether direct, indirect, absolu contingent, joint or several, secured or unsecured, liquidated or unliquidated, and howsoever owned, held or acquired STEFL, whether by assignment, discount, direct loan, overdraft, purchase or otherwise, and howsoever evidence whether by promissory note, agreement, letter of credit application, interest rate hedge agreement or other derivati transaction agreement, bill of exchange, acceptance, check, overdraft, book entry or otherwise, and all substitutio renewals, extensions and modifications of the above.

The amount of the Guarantor's liability hereunder shall be unlimited.

2.  This guaranty is a continuing guaranty, shall remain in full force and effect irrespective of any interruptions in business relations of the Lessee with STEFL and shall apply to and guarantee any balance which shall remain due by t Lessee to STEFL; provided, however, that the Guarantor may, by notice in writing delivered personally to an officer STEFL or received by registered mail by an officer of STEFL, terminate this guaranty with respect to all Obligations of t Lessee incurred or contracted by the Lessee or acquired by STEFL after the date on which the notice is actually receiv by such officer. Such termination shall not be applicable to any Obligation incurred prior to the receipt of the notice STEFL.

3.  STEFL may at any time and from time to time, in the exercise of its sole discretion, either before or after defa by the Lessee or revocation or termination of this guaranty, without the consent of or notice to the Guarantor, witho incurring responsibility to the Guarantor, without impairing or releasing the Obligations of the Guarantor or any collate or security available to STEFL, upon or without any terms or conditions and in whole or in part:

  (a)  Change the manner, place, or terms of payment (including payment amounts and rate of interest) and change or extend the time of payment, renew or alter any Obligation, any collateral or security for any Obligatic or any Obligation incurred directly or indirectly in respect thereof, and this guaranty shall apply to the Obligatio as so changed, extended, renewed or altered;

  (b)  Sell, exchange, release, surrender, realize upon or otherwise deal with in any manner and in any orc any collateral or security at any time held by or available to STEFL for any Obligation, or for the Obligations of t Guarantor, or for the Obligations of any person secondarily or otherwise liable for any of the Obligations;

  (c)  Exercise or refrain from exercising any rights against the Lessee, the Guarantor, any other guarantors other parties, or otherwise act or refrain from acting;

  (d)  Settle, compromise and/or release any Obligation, any collateral or security for the Obligations, includi the Obligations of the Guarantor, or any other guarantors and also subordinate the payment of all or any part any Obligation to the payment of any Obligations or indebtedness, whether due or not, of the Lessee to credito of the Lessee other than STEFL and the Guarantor;

  (e)  Apply any sums received by it from any source to any Obligation or Obligations, in such order as STE may elect, regardless of what Obligation or Obligations remain unpaid. All payments shall be conclusive presumed to have been made by the Lessee and no payment shall operate to reduce the liability of the Guaran unless, at the time such payments are made, written notice is delivered to an officer of STEFL that such paymer are made by the Guarantor in reduction of his liability and such payments are actually made by the Guarantor;

  (f)  Fail to set off and release, in whole or in part, any balance of any deposit account or credit on its books favor of the Lessee, or any guarantors or of any other person liable for any of the Obligations, and may exte further credit in any manner to the Lessee, and generally deal with the Lessee or any security or other pers liable for any of the Obligations as STEFL, in its sole discretion, may see fit.

4.  The Guarantor waives notice of acceptance of the guaranty and notice, including notice of default, on a Obligation to which it may apply, and waives presentment and demand for repayment of any of the Obligations, a waives protest and notice of dishonor or nonpayment of any Obligations, suit or taking other action by STEFL against, a any other notice to, the Guarantor or to any other party liable for such Obligations. Except for any limitation which specified above with respect to the amount of the maximum liability of the Guarantor, this is an unconditional guaran and the liability of the Guarantor to STEFL shall not be terminated or in any way limited by reason of, or as the result anything set forth or contained in any writing evidencing all or any part of the Obligations nor shall it be limited to proportionate part of the total of the Obligations. This is a guaranty of payment and not of collection and the Guaran

GUARANTY – INDIVIDUAL (10/01)

**EXHIBIT I**

waives any right to require that any action be brought against the Lessee or any other party or person or to require th resort be had to any collateral or security or to any balance of any deposit account or credit on the books of STEFL favor of the Lessee or any other guarantor or other person and agrees that STEFL is not responsible for the validi perfection, recordation or enforceability of any collateral or security for the Obligations.

5.  The Guarantor subordinates all indebtedness of the Lessee owing to it, whether existing now or arising in t future, to the Obligations. The Guarantor further agrees that the Guarantor shall not be subrogated to, and will r enforce any right of action which STEFL may have against the Lessee until every Obligation is paid in full. STEFL sh have the right, immediately and without further action by it, to set off against any Obligations of the Guarantor to STEF all money owed by STEFL in any capacity to the Guarantor, whether or not due. Notwithstanding any other provision this guaranty, any Guarantor who is an "insider" within the meaning of the Bankruptcy Code, hereby irrevocably waiv any right to assert, enforce, or otherwise exercise any right of subrogation to or of the rights, security interests, claims liens of STEFL, its successors or assignees or any other beneficiary against the Lessee or any other obligor on t Obligations or any amounts guaranteed or on any collateral or security, and such Guarantor shall have to right recourse, reimbursement, contribution, indemnification, or similar right it may have (by contract or otherwise) against t Lessee or any other obligor on all or any part of the Obligations or any guarantor thereof, and such Guarantor here irrevocably waives any and all of the foregoing rights and also irrevocably waives the benefit of, and any right participate in, any collateral or security given to STEFL or any other beneficiary to secure payment of the Obligations.

6.  A subsequent guaranty by the Guarantor or any other guarantor of the Obligations shall not be deemed to be lieu of or to supersede or terminate this guaranty but shall be construed as an additional or supplementary guarar unless otherwise expressly provided; and in the event the Guarantor or any other guarantor has given to STEFL previous guaranty or guaranties, this guaranty shall be construed to be an additional or supplemental guaranty, and not be in lieu thereof or to terminate such previous guaranty or guaranties unless expressly provided in this guaranty.

7.  This guaranty shall be binding on the Guarantor notwithstanding the failure of any further contemplated guaran or other party to execute this or similar instruments and notwithstanding the fact that the signature of one or more of a other guarantor or any other existing or future signature shall be forged or unauthorized. The revocation of any guaran in the manner permitted, by any other guarantor or other party, or the release by STEFL of any guarantor or other par or the death of any other guarantor or other party shall not affect or limit the liability of the Guarantor, and STEFL shall under no duty to notify the Guarantor of any revocation, release or death.

8.  The Guarantor warrants to STEFL that it has adequate means to obtain from the Lessee on a continuing ba information concerning the financial condition of the Lessee and it is not relying on STEFL to provide such informati either now or in the future. The Guarantor waives all errors and omissions in connection with STEFL's administration the Obligation, except behavior which amounts to bad faith.

9.  No invalidity, irregularity or unenforceability of all or any part of the Obligations or of any collateral or security sh affect, impair, or be a defense to this guaranty, and this guaranty is a primary Obligations of the Guarantor.

10. If the Guarantor is a partnership, the agreements and Obligations on the part of the Guarantor shall remain in f force and applicable notwithstanding any changes in the identity of the parties composing the partnership and the te "Guarantor" shall include any altered or successive partnership and the predecessor partnership and their partners sh not thereby be released from any Obligations or Obligation.

11. No delay or failure on the part of STEFL in exercising any rights shall operate as a waiver of its rights; no notice or demand on the Guarantor shall be deemed to be a waiver of the Obligations of the Guarantor or of the right of STEI to take further action without notice or demand as provided herein; nor shall any modification or waiver of the provisions this guaranty be effective unless in writing and signed by STEFL nor shall any such waiver be applicable except in t specific instance for which given.

12. The Guarantor agrees to provide to STEFL updated financial information, including, but not limited to, tax returr current financial statements in form satisfactory to STEFL, as well as additional information, reports, or schedul (financial or otherwise), all as STEFL may from time to time request.

13. Notwithstanding the fact that the Obligations of the Lessee to STEFL may have been paid in full and this guarar form may have been returned to the Guarantor, the Obligations of the Guarantor shall continue in full force and effect wi respect to any amounts that STEFL may ever be required to repay under any Bankruptcy or Insolvency laws.

14. This guaranty shall not be construed to impose any Obligations on STEFL to extend or continue any credit at ar time.

15. Each reference in this guaranty to STEFL shall include its successors and assigns, in whose favor the provisio of this guaranty shall also inure. Each reference to the Guarantor shall include heirs, executors, administrators, leg representatives, successors and assigns of the Guarantor, all of whom shall be bound by the provisions of this guaranty.

16. This guaranty shall be governed by and construed in accordance with the laws of the State of Maryland.

IN WITNESS WHEREOF, Guarantor has caused this instrument to be duly executed, under seal, as of the _10_ day December _10_, 2012.

WITNESS: _____

Signature: _____
Name: **Demitri Nikitin**
Social Security Number: [Redacted]
Address: 3217 YATTIKA PL
         Longwood FL

GUARANTY – INDIVIDUAL (10/01)

# SUNTRUST EQUIPMENT FINANCE & LEASING CORP.

**EQUIPMENT LEASE GUARANTY**

This Equipment Lease Guaranty is executed and delivered in favor of SUNTRUST EQUIPMENT FINANCE LEASING CORP., its present and future affiliates and their successors and assigns ("Lessor"), in connection with the certain Equipment Lease Agreement dated as of December _10_, 2012, together with all Equipment Schedules execut or to be executed pursuant thereto and all of the other documents and agreements entered into in connection therew (collectively, the "Lease Documents"), by and between Lessor and __BLUECHIP POWER, LLC__ and __BLUECHIP ENERGY, L__ and __ADVANCED SOLAR PHOTONICS, LLC__ and __LASER PHOTONICS, LLC__, and __ICT INVESTMENTS LLC, A LIMITED LIABILI__ __COMPANY__ and __US INVESTING CORPORATION__, its successors and assigns (collectively "Lessee").

WHEREAS, SUNTRUST EQUIPMENT FINANCE & LEASING CORP. ('STEFL') is unwilling to extend or contin credit to the Lessee unless it receives a guaranty from the Guarantor with respect to the Obligations, as defined below, the Lessee to STEFL:

NOW, THEREFORE, in consideration of the premises and of other good and valuable consideration and in or to induce STEFL from time to time, in its sole discretion, to extend or continue credit to, or enter into other transactic with the Lessee, the Guarantor, absolutely and unconditionally, guarantees to STEFL performance and payment wh due, whether by acceleration or otherwise, of any and all Obligations of the Lessee to STEFL, together with all inter and charges and expenses thereon, including but not limited to, all attorneys' fees, court costs, costs and expenses collection, costs of preserving, protecting or disposing of any collateral securing the Obligations or other costs incurred STEFL in enforcing any of such Obligations, subject to the provisions contained in this guaranty.

1. The term "Obligation" or "Obligations" as used herein shall include, without limitation, all indebtedness, obligatic and liabilities of the Lessee to STEFL now existing or hereafter created or arising, whether direct, indirect, absolu contingent, joint or several, secured or unsecured, liquidated or unliquidated, and howsoever owned, held or acquired STEFL, whether by assignment, discount, direct loan, overdraft, purchase or otherwise, and howsoever evidence whether by promissory note, agreement, letter of credit application, interest rate hedge agreement or other derivat transaction agreement, bill of exchange, acceptance, check, overdraft, book entry or otherwise, and all substitutio renewals, extensions and modifications of the above.

The amount of the Guarantor's liability hereunder shall be unlimited.

2. This guaranty is a continuing guaranty, shall remain in full force and effect irrespective of any interruptions in business relations of the Lessee with STEFL and shall apply to and guarantee any balance which shall remain due by Lessee to STEFL; provided, however, that the Guarantor may, by notice in writing delivered personally to an officer STEFL or received by registered mail by an officer of STEFL, terminate this guaranty with respect to all Obligations of Lessee incurred or contracted by the Lessee or acquired by STEFL after the date on which the notice is actually receiv by such officer. Such termination shall not be applicable to any Obligation incurred prior to the receipt of the notice STEFL.

3. STEFL may at any time and from time to time, in the exercise of its sole discretion, either before or after defa by the Lessee or revocation or termination of this guaranty, without the consent of or notice to the Guarantor, with incurring responsibility to the Guarantor, without impairing or releasing the Obligations of the Guarantor or any collate or security available to STEFL, upon or without any terms or conditions and in whole or in part:

(a) Change the manner, place, or terms of payment (including payment amounts and rate of interest) and change or extend the time of payment, renew or alter any Obligation, any collateral or security for any Obligati or any Obligation incurred directly or indirectly in respect thereof, and this guaranty shall apply to the Obligatio as so changed, extended, renewed or altered;

(b) Sell, exchange, release, surrender, realize upon or otherwise deal with in any manner and in any or any collateral or security at any time held by or available to STEFL for any Obligation, or for the Obligations of Guarantor, or for the Obligations of any person secondarily or otherwise liable for any of the Obligations;

(c) Exercise or refrain from exercising any rights against the Lessee, the Guarantor, any other guarantors other parties, or otherwise act or refrain from acting;

(d) Settle, compromise and/or release any Obligation, any collateral or security for the Obligations, includi the Obligations of the Guarantor, or any other guarantors and also subordinate the payment of all or any part any Obligation to the payment of any Obligations or indebtedness, whether due or not, of the Lessee to credito of the Lessee other than STEFL and the Guarantor;

(e) Apply any sums received by it from any source to any Obligation or Obligations, in such order as STE may elect, regardless of what Obligation or Obligations remain unpaid. All payments shall be conclusiv presumed to have been made by the Lessee and no payment shall operate to reduce the liability of the Guaran unless, at the time such payments are made, written notice is delivered to an officer of STEFL that such paymer are made by the Guarantor in reduction of his liability and such payments are actually made by the Guarantor;

(f) Fail to set off and release, in whole or in part, any balance of any deposit account or credit on its books favor of the Lessee, or any guarantors or of any other person liable for any of the Obligations, and may exte further credit in any manner to the Lessee, and generally deal with the Lessee or any security or other pers liable for any of the Obligations as STEFL, in its sole discretion, may see fit.

4. The Guarantor waives notice of acceptance of the guaranty and notice, including notice of default, on a Obligation to which it may apply, and waives presentment and demand for repayment of any of the Obligations, a waives protest and notice of dishonor or nonpayment of any Obligations, suit or taking other action by STEFL against, a any other notice to, the Guarantor or to any other party liable for such Obligations. Except for any limitation which specified above with respect to the amount of the maximum liability of the Guarantor, this is an unconditional guaran and the liability of the Guarantor to STEFL shall not be terminated or in any way limited by reason of, or as the result anything set forth or contained in any writing evidencing all or any part of the Obligations nor shall it be limited tc proportionate part of the total of the Obligations. This is a guaranty of payment and not of collection and the Guaran

GUARANTY – INDIVIDUAL (10/01)

**EXHIBIT J**

waives any right to require that any action be brought against the Lessee or any other party or person or to require tl resort be had to any collateral or security or to any balance of any deposit account or credit on the books of STEFL favor of the Lessee or any other guarantor or other person and agrees that STEFL is not responsible for the validi perfection, recordation or enforceability of any collateral or security for the Obligations.

5.   The Guarantor subordinates all indebtedness of the Lessee owing to it, whether existing now or arising in t future, to the Obligations. The Guarantor further agrees that the Guarantor shall not be subrogated to, and will r enforce any right of action which STEFL may have against the Lessee until every Obligation is paid in full. STEFL sh have the right, immediately and without further action by it, to set off against any Obligations of the Guarantor to STEI all money owed by STEFL in any capacity to the Guarantor, whether or not due. Notwithstanding any other provision this guaranty, any Guarantor who is an "insider" within the meaning of the Bankruptcy Code, hereby irrevocably waiv any right to assert, enforce, or otherwise exercise any right of subrogation to any of the rights, security interests, claims liens of STEFL, its successors or assignees or any other beneficiary against the Lessee or any other obligor on t Obligations or any amounts guaranteed or on any collateral or security, and such Guarantor shall have to right recourse, reimbursement, contribution, indemnification, or similar right it may have (by contract or otherwise) against t Lessee or any other obligor on all or any part of the Obligations or any guarantor thereof, and such Guarantor here irrevocably waives any and all of the foregoing rights and also irrevocably waives the benefit of, and any right participate in, any collateral or security given to STEFL or any other beneficiary to secure payment of the Obligations.

6.   A subsequent guaranty by the Guarantor or any other guarantor of the Obligations shall not be deemed to be lieu of or to supersede or terminate this guaranty but shall be construed as an additional or supplementary guarai unless otherwise expressly provided; and in the event the Guarantor or any other guarantor has given to STEFL previous guaranty or guaranties, this guaranty shall be construed to be an additional or supplemental guaranty, and not be in lieu thereof or to terminate such previous guaranty or guaranties unless expressly provided in this guaranty.

7.   This guaranty shall be binding on the Guarantor notwithstanding the failure of any further contemplated guaran or other party to execute this or similar instruments and notwithstanding the fact that the signature of one or more of a other guarantor or any other existing or future signature shall be forged or unauthorized. The revocation of any guaran in the manner permitted, by any other guarantor or other party, or the release by STEFL of any guarantor or other par or the death of any other guarantor or other party shall not affect or limit the liability of the Guarantor, and STEFL shall under no duty to notify the Guarantor of any revocation, release or death.

8.   The Guarantor warrants to STEFL that it has adequate means to obtain from the Lessee on a continuing ba information concerning the financial condition of the Lessee and it is not relying on STEFL to provide such informati either now or in the future. The Guarantor waives all errors and omissions in connection with STEFL's administration the Obligation, except behavior which amounts to bad faith.

9.   No invalidity, irregularity or unenforceability of all or any part of the Obligations or of any collateral or security sh affect, impair, or be a defense to this guaranty, and this guaranty is a primary Obligations of the Guarantor.

10.  If the Guarantor is a partnership, the agreements and Obligations on the part of the Guarantor shall remain in force and applicable notwithstanding any changes in the identity of the parties composing the partnership and the tei "Guarantor" shall include any altered or successive partnership and the predecessor partnership and their partners sh not thereby be released from any Obligations or Obligation.

11.  No delay or failure on the part of STEFL in exercising any rights shall operate as a waiver of its rights; no notice or demand on the Guarantor shall be deemed to be a waiver of the Obligations of the Guarantor or of the right of STE to take further action without notice or demand as provided herein; nor shall any modification or waiver of the provisions this guaranty be effective unless in writing and signed by STEFL nor shall any such waiver be applicable except in t specific instance for which given.

12.  The Guarantor agrees to provide to STEFL updated financial information, including, but not limited to, tax return current financial statements in form satisfactory to STEFL, as well as additional information, reports, or schedul (financial or otherwise), all as STEFL may from time to time request.

13.  Notwithstanding the fact that the Obligations of the Lessee to STEFL may have been paid in full and this guarar form may have been returned to the Guarantor, the Obligations of the Guarantor shall continue in full force and effect w respect to any amounts that STEFL may ever be required to repay under any Bankruptcy or Insolvency laws.

14.  This guaranty shall not be construed to impose any Obligations on STEFL to extend or continue any credit at a time.

15.  Each reference in this guaranty to STEFL shall include its successors and assigns, in whose favor the provisio of this guaranty shall also inure. Each reference to the Guarantor shall include heirs, executors, administrators, leg representatives, successors and assigns of the Guarantor, all of whom shall be bound by the provisions of this guaranty.

16.  This guaranty shall be governed by and construed in accordance with the laws of the State of Maryland.

IN WITNESS WHEREOF, Guarantor has caused this instrument to be duly executed, under seal, as of the _____ day December _10_, 2012.

WITNESS: _[signature]_

Signature: _[signature]_
Name: **Svetlana Nikitin**
Social Security Number: _[redacted]_
Address: _3217 Yattika Place_
_Longwood, FL 32779_

GUARANTY – INDIVIDUAL (10/01)