IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| SUNTRUST EQUIPMENT FINANCE AND LEASING CORP., | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 6:13-cv-657-JA-KRS |
| vs. | ) ) | |
| BLUECHIP POWER, LLC; BLUECHIP ENERGY, LLC; ADVANCED SOLAR PHOTONICS, LLC; LASER PHOTONICS, LLC; ICT INVESTMENTS, LLC; US INVESTING CORPORATION; DEMITRI NIKITIN; SVETLANA NIKITIN; FIFTH THIRD BANK; AEGIS BUSINESS CREDIT, LLC; ON DECK CAPITAL, INC.; NEWLOGIC BUSINESS LOANS, INC.; JEFFERY L. CARRIER, AS TRUSTEE FOR THE JEFFERY L. CARRIER REVOCABLE TRUST; FANUC ROBOTICS AMERICA CORPORATION; SG EQUIPMENT FINANCE USA CORP., SUNIVA INC.; WANXIANG AMERICA CORP.; RINEHART DEVELOPMENT AND INVESTMENT GROUP, LLC; MICHAEL E. MOECKER, AS RECEIVER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

---

| | |
|---|---|
| WANXIANG AMERICA CORPORATION, | ) ) |
| Counter, Cross and Third Party Plaintiff, | ) ) |
| vs. | ) ) |
| BLUECHIP POWER, LLC f/k/a BLUECHIP ENERGY, LLC; ADVANCED SOLAR PHOTONICS, LLC; SORRENTO SOLAR FARM, LLC; DEMITRI NITIKIN; SUNTRUST EQUIPMENT FINANCING AND LEASING CORP.; APZB INDUSTRIES; ICT INVESTMENTS, LLC; FIFTH THIRD BANK; JEFFERY L. CARRIER, in his capacity as the TRUSTEE OF THE JEFFERY L. CARRIER TRUST; and AEGIS BUSINESS CREDIT, LLC; | ) ) ) ) ) ) ) ) ) ) ) |
| Counter, Cross and Third Party Defendants. | ) |

### JOINT MOTION FOR APPROVAL OF RECEIVER'S FINAL REPORT, TO TERMINATE RECEIVERSHIP, AND TO DISCHARGE RECEIVER

Plaintiff, SUNTRUST EQUIPMENT FINANCE AND LEASING CORP. ("Plaintiff" or "SunTrust"), Michael E. Moecker of Moecker & Associates, Inc., as Receiver (the "Receiver"), by and through their undersigned counsel and pursuant to Rule 66 of the Federal Rules of Civil Procedure, move this Court (this "Motion") for the entry of an order approving the Receiver's final accounting, terminating the receivership, and granting a discharge of the Receiver. In support of this Motion, the parties respectfully state as follows:

1. On May 22, 2013, this Court entered its Order Appointing Receiver and Granting Preliminary Injunctive Relief (Doc. No. 56) (the "Receiver Order").

2. In the Receiver Order, the Court found that Plaintiff was owed in excess of $5 million which amount "is secured by a properly perfected, first priority security interest and lien in favor of Plaintiff upon substantially all" of the assets of the Lessee Defendants (as that term is defined in the Receiver Order) including "the Lessee Defendants' accounts, inventory, equipment, software, patents, and proceeds and products thereof . . ." (as more fully defined in the Receiver Order, the "Leased Property and Collateral"). Receiver Order at ¶ C.

3. Pursuant to the terms of the Receiver Order, Michael E. Moecker of Moecker & Associates, Inc., was appointed receiver for the Lessee Defendants (the "Receiver") to take possession, and control of the Leased Property and Collateral and all other possible property and assets of the Lessee Defendants (collectively, the "Receivership Estate") "to use, operate, manage, control, preserve, protect, maintain, market, and/or sell or liquidate." Receiver Order at ¶ 3, ¶ 4(a), ¶ 4(b).

4. Pursuant to the terms of the Receiver Order, the Receiver was granted the authority to sell and/or liquidate all of Lessee Defendants' assets, "either in individual lots or

bulk sales, and either through private transactions or public auctions." Receiver Order at ¶ 4(b), ¶ 4(m).

5. Subject to the terms of the Receiver Order, the Receiver was authorized "to market and sell the assets of the Receivership Estate free and clear of all liens and encumbrances, with such liens and encumbrances to attach to the sales proceeds in the same validity, order, extent, and priority as existed immediately prior to such sale or disposition . . . ." Receiver Order at ¶ 6.

6. The Receiver's Final Report is attached hereto as **Exhibit A**,

7. The Receiver has administered and liquidated all assets of the estate (the "Final Report"), including as follows:

*Real Property -*

    a. On September 30, 2013, this Court entered an Order approving the Receiver's sale of certain real property by public auction and the disbursement of a portion of those funds to Defendant Jeffrey L. Carrier as Trustee for the Jeffrey L. Carrier Trust (Doc. No. 158). The remaining proceeds from the sale of the real property have been retained by the Receiver and are not subject to any claims of lien. SunTrust and the Receiver are not aware at this time of any other real property in the estates.

*Intangible Personal Property -*

    b. On November 5, 2013, this Court entered an Order denying without prejudice SunTrust's request to disburse proceeds of accounts receivable as, at the time, SunTrust and the Receiver were unable to specify the exact amounts for distribution (Doc. No. 173). As reflected in the Final Report, the Receiver can now specify the amount of accounts receivable available for distribution.

SunTrust and the Receiver are not aware at this time of any other intangible personal property in the estates of any value.

*Tangible Personal Property -*

    c. On November 6, 2013, this Court entered an Order approving the disbursement of the proceeds of an auction of the estates' tangible personal property to SunTrust and Seminole County Tax Collector (Doc. No. 175). SunTrust and the Receiver are not aware at this time of any other tangible personal property in the estates of any value, and the Receiver has vacated the leased premises.

8. The Receiver Order provides that the Receiver shall be compensated from the net revenues of the estates, but that if the revenues are not sufficient, the Receiver may be paid by an advance from Plaintiff. Receiver Order at ¶ 11.

9. The Receiver Order provides that the Receiver may pay himself and his professionals, without order of the Court, if the Receiver notifies interested parties of the proposed payments and receives no written objection within ten (10) days. Receiver Order at ¶ 12. After notification of SunTrust and other parties, the Receiver has not received any objections to the proposed payments to the Receiver and his professionals as outlined on the Final Report.

10. All remaining funds as described in the Final Report are, with the consent of SunTrust, available for payment of the expenses of the Receiver and his professionals.

## MEMORANDUM OF LAW

A district court has the discretion to terminate a receivership and discharge a receiver. *See e.g. SEC v. Garman*, 2009 WL 1173328, *2 (D. Colo. April 29, 2009) (closing receivership estate and discharging receiver). "The decision on whether to terminate a receivership turns on the facts and circumstances of each case. . . . It is generally held that a receivership should be

dismissed when the reason for the receivership ceases to exist. . . . A final accounting by a receiver ordinarily precedes his or her discharge." *S.E.C. v. Kirkland*, 6:06-CV-183-ORL-28, 2012 WL 3871922 (M.D. Fla. Aug. 6, 2012) *report and recommendation adopted,* 6:06-CV-183-ORL-28, 2012 WL 3871917 (M.D. Fla. Sept. 6, 2012)(quoting 65 Am.Jur.2d *Receivers* § 146 (2012)).

The Receiver has completed his duties and his services are no longer needed. All non-cash property of the estates has been liquidated, and all cash, other than as necessary for the payment of the Receiver and his professionals, has been disbursed. The Receiver has provided the Final Report as his final accounting, and no party has objected.

WHEREFORE, Plaintiff and the Receiver respectfully request that this Court enter an Order approving the Final Report, terminating the receivership, discharging the Receiver, and granting such other and further relief as is just and appropriate.

### CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), M.D. Fla., I conferred in a good faith effort to resolve the issues raised in this motion (i) with counsel for Wanxiang America Corp. who consented to the relief sought by this motion; (ii) with counsel for Fifth Third Bank who does not consent to the relief sought by this motion; and (iii) with counsel for Rinehart Development and Investment Group, LLC who consented to the relief sought by this motion. Defendants, BlueChip Power, LLC, BlueChip Energy, LLC, Advanced Solar Photonics, LLC, Laser Photonics, LLC, ICT Investments, LLC, and US Investing Corporation have been defaulted and their consent is not necessary. No other party's consent is required or relevant to this motion.

Respectfully Submitted,

| | |
|---|---|
| */s/ Eric S. Golden* | */s/ R. Scott Shuker* |
| Eric S. Golden, Esq. | R. Scott Shuker |

Florida Bar No. 0146846
Primary Email: egolden@burr.com
Secondary Email: jmorgan@burr.com
Michael A. Nardella, Esq.
Florida Bar No. 51265
Primary Email: mnardella@burr.com
**BURR & FORMAN, LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601

**ATTORNEYS FOR PLAINTIFF**

Florida Bar No. 984469
Primary Email: rshuker@lseblaw.com
Secondary Email: bknotice@lseblaw.com
Christopher R. Thompson
Florida Bar No. 0093102
Primary Email: cthompson@lseblaw.com
Secondary Email: bknotice@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801

**ATTORNEYS FOR RECEIVER**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 24th day of April, 2014. As such, the foregoing was served electronically upon all counsel of record on April 24, 2014.

The following Defendants were served with a copy of the foregoing via firsts class U.S. Mail, postage prepaid, on this 24th day of April, 2014:

BlueChipPower, LLC f/k/a BlueChip Energy, LLC
c/o ICT Investments LLC, Registered Agent
400 Rinehart Road, #1060
Lake Mary, FL 32746


Advanced Solar Photonics, LLC
c/o ICT Investments LLC, Registered Agent
400 Rinehart Road, #1060
Lake Mary, FL 32746

Newlogic Business Loans, Inc., d/b/a APZB Industries
c/o CT Corporation Systems, Registered Agent
155 Federal Street
Boston, MA 02110

ICT Investments, LLC
c/o CT Corporation Systems, Registered Agent
1201 Hays Street
Tallahassee, FL  32301

Demitri Nikitin
Svetlana Nikitin
3217 Yattika Place
Longwood, FL  32779


Aegis Business Credit, LLC
c/o Robert K. Beard, Registered Agent
5510 W. LaSalle Street
Third Floor
Tampa, FL  33606

**BLUECHIP POWER, LLC, f/k/a**
**BLUECHIP ENERGY, LLC,**
**Advanced Solar Photonics, LLC, et al.**
*CASE NO. 6:13-cv-00657-JA-KRS*
**Final Report**
**01.06.14**

### Receipts

| | | |
|---|---|---|
| Cost Deposit | $ | 20,000.00 |
| Accounts Receivable | $ | 448,794.49 |
| Recovery Bank Accounts | $ | 16,702.01 |
| Sale of Assets - Vehicles | $ | 6,550.00 |
| Sale of Assets - Auction Proceeds | $ | 750,228.82 |
| **Total Receipts** | **$** | **1,242,275.32** |

### Disbursements

| | | | |
|---|---|---|---|
| Accountant | $ | 3,000.00 | |
| Bank Analysis Fees | $ | 220.00 | |
| Auction Expense - Pre-Auction | $ | 14,470.60 | |
| Consulting Fees | $ | 1,345.00 | |
| Contract Labor | $ | 404,730.79 | |
| Contract Labor - Advanced | $ | 8,000.00 | |
| Insurance | $ | 2,859.53 | |
| Legal Fees | $ | 85,000.00 | Note 1 |
| Legal Costs | $ | 40.50 | |
| Postage, Photocopies, Fax | $ | 24.90 | |
| Receiver Fees | $ | 85,000.00 | Note 2 |
| Record Storage | $ | 5,400.00 | |
| Taxes | $ | 50,000.00 | |
| Pymt to Secured Creditor | $ | 582,184.00 | |
| **Total Disbursements** | **$** | **1,242,275.32** | |
| **Total in Bank Account** | **$** | **(0.00)** | |

Note 1: The total legal fees and costs were $100,965.18; however, pursuant to an agreement with SunTrust, the fees and costs were reduced to the number noted above.

Note 2: The total Receiver fees were $125,840.23; however, pursuant to an agreement with SunTrust, the fees and costs were reduced to the number noted above.

**EXHIBIT A**