## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE
AND LEASING CORP.,                                       )
                                                         )
                                                         )
      Plaintiff,                                     )    CASE NO. 6:13-cv-657-JA-KRS
vs.                                                      )    **Dispositive Motion**
                                                         )
BLUECHIP POWER, LLC; BLUECHIP                            )
ENERGY, LLC; ADVANCED SOLAR                              )
PHOTONICS, LLC; LASER PHOTONICS, LLC;                    )
ICT INVESTMENTS, LLC; US INVESTING                       )
CORPORATION; DEMITRI NIKITIN;                            )
SVETLANA NIKITIN; FIFTH THIRD BANK;                      )
AEGIS BUSINESS CREDIT, LLC; ON DECK                      )
CAPITAL, INC.; NEWLOGIC BUSINESS                         )
LOANS, INC.; JEFFERY L. CARRIER, AS                      )
TRUSTEE FOR THE JEFFERY L. CARRIER                       )
REVOCABLE TRUST; FANUC ROBOTICS                          )
AMERICA CORPORATION; SG EQUIPMENT                        )
FINANCE USA CORP., SUNIVA INC.;                          )
WANXIANG AMERICA CORP.; RINEHART                         )
DEVELOPMENT AND INVESTMENT GROUP,                        )
LLC; MICHAEL E. MOECKER, AS RECEIVER,                    )
                                                         )
      Defendants.                                    )

---

WANXIANG AMERICA CORPORATION,                            )
                                                         )
      Counter, Cross and Third Party Plaintiff,      )
vs.                                                      )
                                                         )
BLUECHIP POWER, LLC f/k/a BLUECHIP                       )
ENERGY, LLC; ADVANCED SOLAR                              )
PHOTONICS, LLC; SORRENTO SOLAR                           )
FARM, LLC; DEMITRI NITIKIN;                              )
SUNTRUST EQUIPMENT FINANCING                             )
AND LEASING CORP.; APZB INDUSTRIES;                      )
ICT INVESTMENTS, LLC; FIFTH THIRD                        )
BANK; JEFFERY L. CARRIER, in his capacity                )
as the TRUSTEE OF THE JEFFERY L. CARRIER                 )
TRUST; and AEGIS BUSINESS CREDIT, LLC;                   )
                                                         )
      Counter, Cross and Third Party Defendants.     )

## PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT
## AGAINST ADVANCED SOLAR PHOTONICS, LLC

Plaintiff, SunTrust Equipment Finance and Leasing Corp. ("SunTrust" or "Plaintiff"), by and through its undersigned counsel, and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 1.07(b) of the Local Rules of the Middle District of Florida, hereby files this motion for default final judgment against Advanced Solar Photonics, LLC ("Advanced Solar" or the "Defendant"), and as grounds for granting this Motion, Plaintiff states as follows:

### FACTUAL BACKGROUND

1.      On April 23, 2013, SunTrust filed its Verified Complaint (Doc. No. 1) (the "Verified Complaint") against Advanced Solar, among other Defendants.

2.      As set forth in the Verified Complaint, this action arises out of an equipment finance lease relationship which was breached by Defendant and its co-lessee Defendants. The allegations of Count III of the Verified Complaint establish a cause of action for breach of contract for the failure of Defendant and its co-lessees to make the rental payment due on February 28, 2013, and each payment due thereafter.

3.      Defendant was properly served with a copy of the summons and Verified Complaint in this cause (Doc. No. 19).  *See* Affidavit of Michael A. Nardella, Attorney for Plaintiff, in Support of Motion for Default Final Judgment attached hereto as **Exhibit A**.

4.      On August 6, 2013, a Clerk's Default was entered against Defendant for failure of Defendant to file or serve a response to the Verified Complaint (Doc. No. 127).

5.      To date, Defendant has made no appearance in the case. *See* Exhibit A.

6.      As reflected in the Joint Motion for Approval of Receiver's Final Report, to Terminate Receivership, and to Discharge Receiver (Doc. No. 223), the Receiver has collected and liquidated all collateral in this case and disbursed to SunTrust the net proceeds of that

liquidation. Therefore, it can now be ascertained precisely what amount remains due to SunTrust by Advanced Solar and its co-lessees pursuant to Count III.

7.    The amount presently due and owing by Defendant to SunTrust under Count III of the Complaint, exclusive of attorney's fees and costs, is as follows:

| | |
|---|---|
| Total Amount Due | $5,459,152.00 |
| Less: Payment Made | ($92,528.00) |
| Less: Net Sale Proceeds | ($582,184.00) |
| **Balance Due** | **$4,784,440.00**[1] |

*See* Affidavit of Amounts Due in Support of Motions for Default Final Judgment attached hereto as **Exhibit B**.

8.    Simultaneously with the filing of this Motion, SunTrust is requesting the same relief as to each of the other co-lessees, who comprise the only parties to Count III. Therefore there is no risk of inconsistent judgments.

## MEMORANDUM OF LAW

### A. SunTrust Is Entitled to a Default Final Judgment on Count III

Defendant has failed to plead or otherwise defend this action as required by the Federal Rules of Civil Procedure. Due to its failure to plead or otherwise defend, Defendant is deemed to have admitted the allegations in the Verified Complaint. *Buchman v. Bowman*, 820 F. 2d 359, 361 (11th Cir. 1987); *U.S. v. Leitner*, 2011 WL 2532745, *3 (N.D. Fla. June 6, 2011) ("A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.") (internal quotations and alterations omitted).

Accordingly, in the instant case, the Defendant has admitted breaching the finance lease arrangement by its failure to make the rental payment due on February 28, 2013, and each

---

[1] As the finance lease transaction at issue in Count III is calculated based on monthly rental payments due, the amount of damages is the total amount of rental payments due under the contract, minus the amounts paid under the contract and minus the net proceeds from the sale of all collateral. There is no separate interest charge or calculation as interest is built into the rental payments. The effective interest rate as of April 22, 2014 was under 9%.

payment thereafter, as more particularly described in the Verified Complaint, and SunTrust is entitled to damages for breach of contract. Because the amounts due under Count III are for a "sum certain" and "a sum which can by computation be made certain" from reference to the Verified Complaint, SunTrust is entitled to entry of a Default Final Judgment against Defendant.

**B. Completion of Fact Information Sheet**

Additionally, Plaintiff requests that this Court order the Defendant to complete Form 1.977 Fact Information Sheet (Florida Rules of Civil Procedure), including all required attachments, within forty-five (45) days from entry of judgment, or such other reasonable time as determined by this Court. Pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules *or by the procedure of the state where the court is located*." (emphasis added).

WHEREFORE, Plaintiff moves this Court (i) for entry of default final judgment against Defendant on Count III of the Verified Complaint, (ii) for an award of damages in the amount of $4,784,444.00, (iii) to reserve jurisdiction for an award of attorney's fees and costs, (iv) to require Defendant to complete a Form 1.977 Fact Information Sheet, including all required attachments, and (v) for such other and further relief as the Court deems appropriate.

Dated May 1, 2014.

<u>**CERTIFICATE REGARDING GOOD FAITH CONFERENCE**</u>

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), M.D. Fla., Defendants, BlueChip Power, LLC, BlueChip Energy, LLC, Advanced Solar Photonics, LLC, Laser Photonics, LLC, ICT Investments, LLC, and US Investing Corporation, the parties to be affected by this Motion, have been defaulted, there is no counsel to contact, and their consent is not necessary. No other party's consent is required to this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 1st day of May, 2014. As such, the foregoing was served electronically upon all counsel of record on May 1, 2014.

The following Defendant was served with a copy of the foregoing via firsts class U.S. Mail, postage prepaid, on this 1st day of May, 2014:

Advanced Solar Photonics, LLC
c/o ICT Investments LLC, Registered Agent
400 Rinehart Road, #1060
Lake Mary, FL 32746

Respectfully Submitted,

*/s/ Michael A. Nardella*
Eric S. Golden, Esq.
Florida Bar No. 0146846
Primary Email: egolden@burr.com
Secondary Email: jmorgan@burr.com
Michael A. Nardella, Esq.
Florida Bar No. 51265
Primary Email: mnardella@burr.com
**BURR & FORMAN, LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601

**ATTORNEYS FOR PLAINTIFF**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE                )
AND LEASING CORP.,                        )
                                          )
      Plaintiff,                       )     CASE NO. 6:13-cv-657-JA-KRS
vs.                                       )
                                          )
BLUECHIP POWER, LLC; BLUECHIP             )
ENERGY, LLC; ADVANCED SOLAR               )
PHOTONICS, LLC; LASER PHOTONICS, LLC;     )
ICT INVESTMENTS, LLC; US INVESTING        )
CORPORATION; DEMITRI NIKITIN;             )
SVETLANA NIKITIN; FIFTH THIRD BANK;       )
AEGIS BUSINESS CREDIT, LLC; ON DECK       )
CAPITAL, INC.; NEWLOGIC BUSINESS          )
LOANS, INC.; JEFFERY L. CARRIER, AS       )
TRUSTEE FOR THE JEFFERY L. CARRIER        )
REVOCABLE TRUST; FANUC ROBOTICS           )
AMERICA CORPORATION; SG EQUIPMENT         )
FINANCE USA CORP., SUNIVA INC.;           )
WANXIANG AMERICA CORP.; RINEHART          )
DEVELOPMENT AND INVESTMENT GROUP,         )
LLC; MICHAEL E. MOECKER, AS RECEIVER,     )
                                          )
      Defendants.                      )

---

WANXIANG AMERICA CORPORATION,             )
                                          )
      Counter, Cross and Third Party Plaintiff,  )
vs.                                       )
                                          )
BLUECHIP POWER, LLC f/k/a BLUECHIP        )
ENERGY, LLC; ADVANCED SOLAR               )
PHOTONICS, LLC; SORRENTO SOLAR            )
FARM, LLC; DEMITRI NITIKIN;               )
SUNTRUST EQUIPMENT FINANCING              )
AND LEASING CORP.; APZB INDUSTRIES;       )
ICT INVESTMENTS, LLC; FIFTH THIRD         )
BANK; JEFFERY L. CARRIER, in his capacity )
as the TRUSTEE OF THE JEFFERY L. CARRIER  )
TRUST; and AEGIS BUSINESS CREDIT, LLC;    )
                                          )
      Counter, Cross and Third Party Defendants.  )

EXHIBIT

A

**AFFIDAVIT OF MICHAEL A. NARDELLA, ATTORNEY FOR PLAINTIFF,**
**IN SUPPORT OF MOTION FOR DEFAULT FINAL JUDGMENT**

STATE OF FLORIDA       )
                                     )

COUNTY OF ORANGE      )

      Before me, this undersigned authority, personally appeared Michael A. Nardella, Esq., who, being known to me and being by me duly sworn, deposes and says as follows:

      1.      I am the attorney for the Plaintiff in the above-entitled action and I am familiar with the file, records, and pleadings in this matter.

      2.      BlueChip Power, LLC, BlueChip Energy, LLC, Advanced Solar Photonics, LLC, Laser Photonics, LLC, ICT Investments, LLC, and US Investing Corp. (together, the "Defaulted Defendants") were properly served with, *inter alia*, a copy of the summons and Verified Complaint (Dkt. No. 1).

      3.      The Defaulted Defendants have not filed any response to the Complaint.

      4.      On August 2, 2013, and August 6, 2013, Clerk's Defaults were entered against each of the Defaulted Defendants (Dkt. Nos. 113, 116, & 124-27).

      5.      This action arises out of an equipment finance lease relationship and related guaranties that are in payment default as reflected in the Verified Complaint and its exhibits.

      6.      The Defaulted Defendants are not infants or incompetent persons.

      7.      The Defaulted Defendants are not in military service.

**FURTHER THE AFFIANT SAITH NAUGHT**

Michael A. Nardella, Esq.
Attorney for Plaintiff

Sworn to and subscribed before me this the
_1st_ day of _May_, 2014.



_Cheryl L. Crumrine_
NOTARY PUBLIC
My Commission Expires: _6/29/14_

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE
AND LEASING CORP.,                          )
                                            )
          Plaintiff,                        )          CASE NO. 6:13-cv-657-JA-KRS
                                            )
vs.                                         )
                                            )
BLUECHIP POWER, LLC; BLUECHIP               )
ENERGY, LLC; ADVANCED SOLAR                 )
PHOTONICS, LLC; LASER PHOTONICS, LLC;       )
ICT INVESTMENTS, LLC; US INVESTING          )
CORPORATION; DEMITRI NIKITIN;               )
SVETLANA NIKITIN; FIFTH THIRD BANK;         )
AEGIS BUSINESS CREDIT, LLC; ON DECK         )
CAPITAL, INC.; NEWLOGIC BUSINESS            )
LOANS, INC.; JEFFERY L. CARRIER, AS         )
TRUSTEE FOR THE JEFFERY L. CARRIER          )
REVOCABLE TRUST; FANUC ROBOTICS             )
AMERICA CORPORATION; SG EQUIPMENT           )
FINANCE USA CORP., SUNIVA INC.;             )
WANXIANG AMERICA CORP.; RINEHART            )
DEVELOPMENT AND INVESTMENT GROUP,           )
LLC; MICHAEL E. MOECKER, AS RECEIVER,       )
                                            )
          Defendants.                       )

_____

WANXIANG AMERICA CORPORATION,               )
                                            )
          Counter, Cross and Third Party Plaintiff,  )
                                            )
vs.                                         )
                                            )
BLUECHIP POWER, LLC f/k/a BLUECHIP          )
ENERGY, LLC; ADVANCED SOLAR                 )
PHOTONICS, LLC; SORRENTO SOLAR              )
FARM, LLC; DEMITRI NITIKIN;                 )
SUNTRUST EQUIPMENT FINANCING                )
AND LEASING CORP.; APZB INDUSTRIES;         )
ICT INVESTMENTS, LLC; FIFTH THIRD           )
BANK; JEFFERY L. CARRIER, in his capacity   )
as the TRUSTEE OF THE JEFFERY L. CARRIER    )
TRUST; and AEGIS BUSINESS CREDIT, LLC;      )
                                            )
          Counter, Cross and Third Party Defendants.  )

20719035 v1

EXHIBIT

B

## AFFIDAVIT OF AMOUNTS DUE IN SUPPORT OF MOTIONS FOR DEFAULT FINAL JUDGMENT AGAINST DEFAULTED DEFENDANTS

STATE OF FLORIDA     )
                     )
COUNTY OF ORANGE   )

Before me, this undersigned authority, personally appeared Brett Butler, who, being known to me and being by me duly sworn, deposes and says as follows:

1.     I am Michael Hoehn.  I am Senior Vice President for SunTrust Equipment Finance and Leasing Corp. ("SunTrust").  I make this affidavit in support of the Motions for Default Judgment Against BlueChip Power, LLC, BlueChip Energy, LLC, Advanced Solar Photonics, LLC, Laser Photonics, LLC, ICT Investments, LLC, and US Investing Corp. (together, the "Defaulted Defendants") filed by SunTrust in the above-styled action.

2.     I am one of the people who have custody and control of SunTrust's business records (including access to electronically stored data) concerning the matter between SunTrust and Defaulted Defendants before this Court.  These records were made at or near the time of the event recorded by a person with knowledge of the event and charged with the responsibility for recording such events.  These records are kept in the ordinary course of SunTrust's regularly conducted business activity and represent SunTrust's customary practice.  I have reviewed SunTrust's file on this matter, which leads me to the summary which is set forth below.  All facts set forth herein are either (a) facts of which I have personal knowledge; or (b) an accurate summary of SunTrust's business records as set forth above.

3.     As of April 22, 2014, the amount owed by Defaulted Defendants on the Lease Agreement (as defined in the Complaint) to SunTrust, exclusive of attorney's fees and costs, is set forth below:

                    Total Amount Due     $5,459,152.00

| Less: Payment Made | ($92,528.00) |
|---|---|
| Less: Net Sale Proceeds | ($582,184.00) |
| Balance Due | $4,784,440.00 |

**FURTHER THE AFFIANT SAITH NAUGHT**

_____
Michael Hoehn

Sworn to and subscribed before me this the
30th day of April, 2014.

_____
NOTARY PUBLIC
My Commission Expires: 11/30/14

```
MEENA M FIELDS
Notary Public
Baltimore City
Maryland
My Commission Expires Nov 30, 2014
```