## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE
AND LEASING CORP.,

     Plaintiff,

vs.

BLUECHIP POWER, LLC; BLUECHIP
ENERGY, LLC; ADVANCED SOLAR
PHOTONICS, LLC; LASER PHOTONICS, LLC;
ICT INVESTMENTS, LLC; US INVESTING
CORPORATION; DEMITRI NIKITIN;
SVETLANA NIKITIN; FIFTH THIRD BANK;
AEGIS BUSINESS CREDIT, LLC; ON DECK
CAPITAL, INC.; NEWLOGIC BUSINESS
LOANS, INC.; JEFFERY L. CARRIER, AS
TRUSTEE FOR THE JEFFERY L. CARRIER
REVOCABLE TRUST; FANUC ROBOTICS
AMERICA CORPORATION; SG EQUIPMENT
FINANCE USA CORP., SUNIVA INC.;
WANXIANG AMERICA CORP.; RINEHART
DEVELOPMENT AND INVESTMENT GROUP,
LLC; MICHAEL E. MOECKER, AS RECEIVER,

     Defendants.

CASE NO. 6:13-cv-657-CEM-KRS
**Dispositive Motion**

---

WANXIANG AMERICA CORPORATION,

     Counter, Cross and Third Party Plaintiff,

vs.

BLUECHIP POWER, LLC f/k/a BLUECHIP
ENERGY, LLC; ADVANCED SOLAR
PHOTONICS, LLC; SORRENTO SOLAR
FARM, LLC; DEMITRI NITIKIN;
SUNTRUST EQUIPMENT FINANCING
AND LEASING CORP.; APZB INDUSTRIES;
ICT INVESTMENTS, LLC; FIFTH THIRD
BANK; JEFFERY L. CARRIER, in his capacity
as the TRUSTEE OF THE JEFFERY L. CARRIER
TRUST; and AEGIS BUSINESS CREDIT, LLC;

     Counter, Cross and Third Party Defendants.

21591521 v1

## PLAINTIFF'S AMENDED MOTION FOR DEFAULT FINAL JUDGMENT AGAINST ADVANCED SOLAR PHOTONICS, LLC

Plaintiff, SunTrust Equipment Finance and Leasing Corp. ("SunTrust" or "Plaintiff"), by and through its undersigned counsel, and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 1.07(b) of the Local Rules of the Middle District of Florida, hereby files this amended motion for default final judgment against Advanced Solar Photonics, LLC ("Advanced Solar" or the "Defendant"), and as grounds for granting this Motion, Plaintiff states as follows:

### FACTUAL BACKGROUND

1.      On April 23, 2013, SunTrust filed its Verified Complaint (Doc. No. 1) (the "Verified Complaint") against Advanced Solar, among other Defendants.

2.      As set forth in the Verified Complaint, this action arises out of an equipment finance lease relationship which was breached by Defendant and its co-lessee Defendants. The allegations of Count III of the Verified Complaint establish a cause of action for breach of contract for the failure of Defendant and its co-lessees to make the rental payment due on February 28, 2013, and each payment due thereafter.

3.      Defendant was properly served with a copy of the summons and Verified Complaint in this cause (Doc. No. 19). *See* Affidavit of Michael A. Nardella, Attorney for Plaintiff, in Support of Motion for Default Final Judgment attached hereto as **Exhibit A**.

4.      On August 6, 2013, a Clerk's Default was entered against Defendant for failure of Defendant to file or serve a response to the Verified Complaint (Doc. No. 127).

5.      To date, Defendant has made no appearance in the case. *See* Exhibit A.

6.      As reflected in the Joint Motion for Approval of Receiver's Final Report, to Terminate Receivership, and to Discharge Receiver (Doc. No. 223), the Receiver has collected and liquidated all collateral in this case and disbursed to SunTrust the net proceeds of that

liquidation. Therefore, it can now be ascertained precisely what amount remains due to SunTrust by Advanced Solar and its co-lessees pursuant to Count III.

7.　　The amount presently due and owing by Defendant to SunTrust under Count III of the Verified Complaint, exclusive of attorney's fees and costs, is as follows:

| | |
|---|---|
| Total Amount Due | $5,459,152.00 |
| Less: Payment Made | ($92,528.00) |
| Less: Net Sale Proceeds | ($582,184.00) |
| **Balance Due** | **$4,784,440.00**[1] |

*See* Affidavit of Amounts Due in Support of Motions for Default Final Judgment attached hereto as **Exhibit B**.

8.　　Simultaneously with the filing of this Motion, SunTrust is requesting the same relief as to each of the other co-lessees, who comprise the only parties to Count III. Therefore there is no risk of inconsistent judgments.

## Original Motions for Default Final Judgment

9.　　On May 1, 2014, SunTrust filed six Motions for Default Final Judgment against Defendant and its co-lessees (Doc. Nos. 224, 225, 226, 227, 228, & 229) (the "Original Motions").

10.　　On May 12, 2014, this Court denied the Original Motions without prejudice, in part because (a) there were still outstanding issues with certain solar panels in which Wanxiang America Corporation ("Wanxiang"), as counter-plaintiff, claimed an interest, and (b) there were still causes of action brought by SunTrust regarding the collateral which were outstanding. The Court stated that one issue with the Original Motions was the risk of inconsistent verdicts. The

---

[1] As the finance lease transaction at issue in Count III is calculated based on monthly rental payments due, the amount of damages is the total amount of rental payments due under the contract, minus the amounts paid under the contract and minus the net proceeds from the sale of all collateral. There is no separate interest charge or calculation as interest is built into the rental payments. The effective interest rate as of April 22, 2014 was under 9%.

Court also requested that SunTrust identify the elements of its cause of action and specifically tie allegations from the Verified Complaint to those elements.

11. On August 21, 2014, this Court, based on Wanxiang's motion and the fact that SunTrust agreed to the relief sought by Wanxiang, entered its Order determining that Wanxiang holds the senior interest in the solar panels at issue ahead of SunTrust (Doc. No. 236).

12. Additionally, on August 27, 2014, on SunTrust's motion, this Court entered its Order determining that Counts I, II, VI, and VII of SunTrust's Complaint are now moot (Doc. No. 237). Therefore, all of SunTrust's claims as to its collateral, including its junior lien in the solar panels, are no longer at issue before this Court and all that remains are *in personam* claims for breach of contract.

13. Therefore, SunTrust's only pending Count in this case which is ripe for decision is Count III of the Verified Complaint, as Counts IV and V are stayed pending the bankruptcy cases of Defendants Demitri and Svetlana Nikitin.

## MEMORANDUM OF LAW

### A. SunTrust Is Entitled to a Default Final Judgment on Count III

Count III is an action for breach of contract, namely a finance lease arrangement. "The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999).

"The concept of a contract is one well recognized in law." *Kislak v. Kreedian*, 95 So. 2d 510, 515 (Fla. 1957). "It contemplates an agreement enforceable at law between two or more parties for the doing or not doing of some specific thing [and it] must create legal obligations." *Id.* "The creation of a contract requires that there be a mutual or reciprocal assent to a certain and definite proposition, which is commonly referred to as a 'meeting of the minds.'" *Glosser v. Vasquez*, 898 So. 2d 1179, 1181 (Fla. 3d DCA 2005).

SunTrust and the Defendant entered into a valid contract, namely a finance lease, which contract is evidenced in multiple documents executed by the Defendant and its co-lessees. *See* Verified Complaint at ¶¶ 28-34 and Exhibits A-D, F-G.

The documents which evidence the finance lease show that SunTrust agreed to provide financing to Defendant and its co-lessees for certain equipment, and in exchange, the Defendant and its co-lessees would make monthly payments to SunTrust in the amount of $92,528.00. *See* Exhibit B to Verified Complaint at ¶¶ 1-3. These documents show mutual assent to certain propositions.

In Rider No. 5 in Exhibit A to the Verified Complaint, paragraph C., the parties agreed that the arrangement was a "finance lease," not a "true lease." *See* Exhibit A to Verified Complaint. Therefore, the transaction was in the nature of a loan from SunTrust to Defendant and its co-lessees, and SunTrust took a security interest in various collateral.

The documents also evidence a number of other covenants and promises made by Defendant and its co-lessees and various "Events of Default," including without limitation, the failure to make the monthly rent payment, the dissolution of any lessee, the filing of any insolvency proceedings by or against a lessee, and the insolvency of any lessee. *See, e.g.,* Exhibit A to Verified Complaint at ¶ 15(a), (i), and (j).

In Exhibit F to the Verified Complaint, the Defendant and its co-lessees confirmed receipt of the equipment financed by SunTrust, therefore evidencing SunTrust's performance. In addition, in Exhibit G to the Verified Complaint, the Defendant and its co-lessees direct disbursement of the proceeds of the loan.

As alleged in the Verified Complaint, the Defendant and its co-lessees breached the contract with SunTrust as follows:

(a)   by failing to make the monthly rent payment due on February 28, 2013, and each payment thereafter (Verified Complaint ¶¶ 45, 88);

(b)   by filing an assignment for the benefit of creditors  (Verified Complaint ¶¶ 46, 89);

(c)   by filing articles of dissolution (Verified Complaint ¶¶ 47, 90); and

(d)   by becoming unable to pay their debts and therefore insolvent (Verified Complaint ¶¶ 48, 91).

SunTrust has been damaged by these material breaches of the contract and is entitled to monetary damages in the amount of all unpaid amounts due under the contract. *See* Verified Complaint at Exhibit A, ¶ 16.  The Verified Complaint requests payment of at least $5,000,000 in unpaid rent.  Pursuant to the Affidavit of Amounts Due in Support of Motions for Default Final Judgment attached hereto as Exhibit B, and the reports of the Receiver, SunTrust is owed $4,784,440.00, after taking into account disbursements made by the Receiver in the interim.

The Defendant has failed to plead or otherwise defend this action as required by the Federal Rules of Civil Procedure.  Due to its failure to plead or otherwise defend, the Defendant is deemed to have admitted the allegations in the Verified Complaint. *Buchman v. Bowman*, 820 F. 2d 359, 361 (11th Cir. 1987); *U.S. v. Leitner*, 2011 WL 2532745, *3 (N.D. Fla. June 6, 2011) ("A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.") (internal quotations and alterations omitted).

Accordingly, in the instant case, the Defendant has admitted that there was a valid contract, that the contract was materially breached, and that SunTrust was damaged.  Because the amounts due under Count III are for a "sum certain" and "a sum which can by computation be made certain" from reference to the Verified Complaint and the Affidavit, SunTrust is entitled to entry of a Default Final Judgment against Defendant.

Now that the issues with Wanxiang's panels have been resolved, and that the other Counts of the Verified Complaint have been dismissed as moot, there is no risk of inconsistent verdicts.

### B. Completion of Fact Information Sheet

Additionally, Plaintiff requests that this Court order the Defendant to complete Form 1.977 Fact Information Sheet (Florida Rules of Civil Procedure), including all required attachments, within forty-five (45) days from entry of judgment, or such other reasonable time as determined by this Court.  Pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules *or by the procedure of the state where the court is located.*" (emphasis added).

WHEREFORE, Plaintiff moves this Court (i) for entry of default final judgment against Defendant on Count III of the Verified Complaint, (ii) for an award of damages in the amount of $4,784,444.00, (iii) to reserve jurisdiction for an award of attorney's fees and costs, (iv) to require Defendant to complete a Form 1.977 Fact Information Sheet, including all required attachments, and (v) for such other and further relief as the Court deems appropriate.

Dated August 28, 2014.

### CERTIFICATE REGARDING GOOD FAITH CONFERENCE

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), M.D. Fla., Defendants, BlueChip Power, LLC, BlueChip Energy, LLC, Advanced Solar Photonics, LLC, Laser Photonics, LLC, ICT Investments, LLC, and US Investing Corporation, the parties to be affected by this Motion, have been defaulted, there is no counsel to contact, and their consent is not necessary.  No other party's consent is required to this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 28th day of August, 2014. As such, the foregoing was served electronically upon all counsel of record on August 28, 2014.

The following Defendant was served with a copy of the foregoing via firsts class U.S. Mail, postage prepaid, on this 28th day of August, 2014:

Advanced Solar Photonics, LLC
c/o ICT Investments LLC, Registered Agent
400 Rinehart Road, #1060
Lake Mary, FL 32746

Respectfully Submitted,

/s/ Michael A. Nardella
Eric S. Golden, Esq.
Florida Bar No. 0146846
Primary Email: egolden@burr.com
Secondary Email: jmorgan@burr.com
Michael A. Nardella, Esq.
Florida Bar No. 51265
Primary Email: mnardella@burr.com
**BURR & FORMAN, LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601

**ATTORNEYS FOR PLAINTIFF**

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| SUNTRUST EQUIPMENT FINANCE AND LEASING CORP.,           ) <br>   ) <br>   ) <br>     Plaintiff,          ) <br> vs.   ) | CASE NO. 6:13-cv-657-JA-KRS |

SUNTRUST EQUIPMENT FINANCE
AND LEASING CORP.,                         )
                                           )
                                           )
        Plaintiff,                         )          CASE NO. 6:13-cv-657-JA-KRS
                                           )
vs.                                        )
                                           )
BLUECHIP POWER, LLC; BLUECHIP             )
ENERGY, LLC; ADVANCED SOLAR               )
PHOTONICS, LLC; LASER PHOTONICS, LLC; )
ICT INVESTMENTS, LLC; US INVESTING        )
CORPORATION; DEMITRI NIKITIN;             )
SVETLANA NIKITIN; FIFTH THIRD BANK;       )
AEGIS BUSINESS CREDIT, LLC; ON DECK       )
CAPITAL, INC.; NEWLOGIC BUSINESS          )
LOANS, INC.; JEFFERY L. CARRIER, AS       )
TRUSTEE FOR THE JEFFERY L. CARRIER        )
REVOCABLE TRUST; FANUC ROBOTICS           )
AMERICA CORPORATION; SG EQUIPMENT         )
FINANCE USA CORP., SUNIVA INC.;           )
WANXIANG AMERICA CORP.; RINEHART          )
DEVELOPMENT AND INVESTMENT GROUP, )
LLC; MICHAEL E. MOECKER, AS RECEIVER, )
                                           )
        Defendants.                        )

---

WANXIANG AMERICA CORPORATION,             )
                                           )
        Counter, Cross and Third Party Plaintiff, )
vs.                                        )
                                           )
BLUECHIP POWER, LLC f/k/a BLUECHIP        )
ENERGY, LLC; ADVANCED SOLAR               )
PHOTONICS, LLC; SORRENTO SOLAR            )
FARM, LLC; DEMITRI NITIKIN;               )
SUNTRUST EQUIPMENT FINANCING              )
AND LEASING CORP.; APZB INDUSTRIES;       )
ICT INVESTMENTS, LLC; FIFTH THIRD         )
BANK; JEFFERY L. CARRIER, in his capacity )
as the TRUSTEE OF THE JEFFERY L. CARRIER )
TRUST; and AEGIS BUSINESS CREDIT, LLC;    )
                                           )
        Counter, Cross and Third Party Defendants. )

**EXHIBIT**

A

**AFFIDAVIT OF MICHAEL A. NARDELLA, ATTORNEY FOR PLAINTIFF,
IN SUPPORT OF MOTION FOR DEFAULT FINAL JUDGMENT**

STATE OF FLORIDA    )
                          )

COUNTY OF ORANGE   )

Before me, this undersigned authority, personally appeared Michael A. Nardella, Esq., who, being known to me and being by me duly sworn, deposes and says as follows:

1.     I am the attorney for the Plaintiff in the above-entitled action and I am familiar with the file, records, and pleadings in this matter.

2.     BlueChip Power, LLC, BlueChip Energy, LLC, Advanced Solar Photonics, LLC, Laser Photonics, LLC, ICT Investments, LLC, and US Investing Corp. (together, the "Defaulted Defendants") were properly served with, *inter alia*, a copy of the summons and Verified Complaint (Dkt. No. 1).

3.     The Defaulted Defendants have not filed any response to the Complaint.

4.     On August 2, 2013, and August 6, 2013, Clerk's Defaults were entered against each of the Defaulted Defendants (Dkt. Nos. 113, 116, & 124-27).

5.     This action arises out of an equipment finance lease relationship and related guaranties that are in payment default as reflected in the Verified Complaint and its exhibits.

6.     The Defaulted Defendants are not infants or incompetent persons.

7.     The Defaulted Defendants are not in military service.

**FURTHER THE AFFIANT SAITH NAUGHT**

Michael A. Nardella, Esq.
Attorney for Plaintiff

Sworn to and subscribed before me this the
_/st_ day of _May_ , 2014.


_Cheryl L. Crumrine_
NOTARY PUBLIC
My Commission Expires: _6/29/14_



CHERYL L. CRUMRINE
Notary Public - State of Florida
My Comm. Expires Jun 29, 2014
Commission # DD 982532
Bonded Through National Notary Assn.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST EQUIPMENT FINANCE )
AND LEASING CORP., )
 )
      Plaintiff, )     CASE NO. 6:13-cv-657-JA-KRS
 )
vs. )
 )
BLUECHIP POWER, LLC; BLUECHIP )
ENERGY, LLC; ADVANCED SOLAR )
PHOTONICS, LLC; LASER PHOTONICS, LLC; )
ICT INVESTMENTS, LLC; US INVESTING )
CORPORATION; DEMITRI NIKITIN; )
SVETLANA NIKITIN; FIFTH THIRD BANK; )
AEGIS BUSINESS CREDIT, LLC; ON DECK )
CAPITAL, INC.; NEWLOGIC BUSINESS )
LOANS, INC.; JEFFERY L. CARRIER, AS )
TRUSTEE FOR THE JEFFERY L. CARRIER )
REVOCABLE TRUST; FANUC ROBOTICS )
AMERICA CORPORATION; SG EQUIPMENT )
FINANCE USA CORP., SUNIVA INC.; )
WANXIANG AMERICA CORP.; RINEHART )
DEVELOPMENT AND INVESTMENT GROUP, )
LLC; MICHAEL E. MOECKER, AS RECEIVER, )
 )
      Defendants. )

---

WANXIANG AMERICA CORPORATION, )
 )
      Counter, Cross and Third Party Plaintiff, )
vs. )
 )
BLUECHIP POWER, LLC f/k/a BLUECHIP )
ENERGY, LLC; ADVANCED SOLAR )
PHOTONICS, LLC; SORRENTO SOLAR )
FARM, LLC; DEMITRI NITIKIN; )
SUNTRUST EQUIPMENT FINANCING )
AND LEASING CORP.; APZB INDUSTRIES; )
ICT INVESTMENTS, LLC; FIFTH THIRD )
BANK; JEFFERY L. CARRIER, in his capacity )
as the TRUSTEE OF THE JEFFERY L. CARRIER )
TRUST; and AEGIS BUSINESS CREDIT, LLC; )
 )
      Counter, Cross and Third Party Defendants. )

20719035 v1

EXHIBIT
B

### AFFIDAVIT OF AMOUNTS DUE IN SUPPORT OF MOTIONS FOR
### DEFAULT FINAL JUDGMENT AGAINST DEFAULTED DEFENDANTS

STATE OF FLORIDA     )

                            )

COUNTY OF ORANGE   )

Before me, this undersigned authority, personally appeared Brett Butler, who, being known to me and being by me duly sworn, deposes and says as follows:

1.     I am Michael Hoehn. I am Senior Vice President for SunTrust Equipment Finance and Leasing Corp. ("SunTrust"). I make this affidavit in support of the Motions for Default Judgment Against BlueChip Power, LLC, BlueChip Energy, LLC, Advanced Solar Photonics, LLC, Laser Photonics, LLC, ICT Investments, LLC, and US Investing Corp. (together, the "Defaulted Defendants") filed by SunTrust in the above-styled action.

2.     I am one of the people who have custody and control of SunTrust's business records (including access to electronically stored data) concerning the matter between SunTrust and Defaulted Defendants before this Court. These records were made at or near the time of the event recorded by a person with knowledge of the event and charged with the responsibility for recording such events. These records are kept in the ordinary course of SunTrust's regularly conducted business activity and represent SunTrust's customary practice. I have reviewed SunTrust's file on this matter, which leads me to the summary which is set forth below. All facts set forth herein are either (a) facts of which I have personal knowledge; or (b) an accurate summary of SunTrust's business records as set forth above.

3.     As of April 22, 2014, the amount owed by Defaulted Defendants on the Lease Agreement (as defined in the Complaint) to SunTrust, exclusive of attorney's fees and costs, is set forth below:

                    Total Amount Due        $5,459,152.00



Less: Payment Made      ($92,528.00)
Less: Net Sale Proceeds    ($582,184.00)
Balance Due           $4,784,440.00

**FURTHER THE AFFIANT SAITH NAUGHT**

_____
Michael Hoehn

Sworn to and subscribed before me this the
30th day of April , 2014.

_____
NOTARY PUBLIC
My Commission Expires: 11 30 14

MEENA M FIELDS
Notary Public
Baltimore City
Maryland
My Commission Expires Nov 30, 2014

20719035 v1             3